**22** ROSEMARIE SERRITELLA, Appellant, v BOARD OF EDUCATION OF WESTBURY SCHOOL DISTRICT et al., Respondents.—In a proceeding pursuant to CPLR article 78 to compel the respondents to pay to petitioner the difference between the amount of compensation she received as a per diem substitute teacher, and the amount allegedly due her as a regularly appointed teacher, for the period of October 29, 1974 through November 12, 1974, the appeal is from a judgment of the Supreme Court, Nassau County, entered August 3, 1976, which dismissed the petition on the merits. Judgment affirmed, without costs or disbursements. Petitioner was hired as a teacher by the superintendent of schools of the respondent school district, effective October 29, 1974, filling a vacancy created by the resignation of another teacher. On November 12, 1974 the respondent board met and appointed petitioner a regular probationary teacher, effective November 13, 1974. Beginning on that date, petitioner was compensated as a regularly appointed teacher. However, during the period of October 29, 1974 through November 12, 1974 she was compensated as a per diem substitute. Petitioner subsequently instituted a grievance, alleging that she was entitled to payment as a regularly appointed teacher as of October 29, 1974, the first day of her employment. Respondents denied the grievance, whereupon the matter was submitted to advisory arbitration. The arbitrator found in favor of petitioner, but the board voted to reject the award. Petitioner then commenced the instant proceeding, seeking to recover the difference between the compensation she received as a per diem substitute and the compensation she would have been paid as a regular probationary teacher during the period in question. Special Term dismissed the petition. We affirm. It is clear that a board of education may not make a temporary appointment, such as a per diem substitute, to fill a permanent vacancy. Such action is an unlawful attempt to evade the tenure law (see *Matter of Henshaw,* 15 Ed Dept Rep 386; *Matter of Cardo,* 8 Ed Dept Rep 182; see, also, Education Law, § 3012). However, it is equally clear that only a board of education may appoint a teacher to a probationary term (see Education Law, § 3012). The superintendent of schools may make only temporary appointments and recommend to the board that a probationary appointment be made. Petitioner concedes this, but argues that when the board did act, it was required to make her probationary appointment retroactive to the date her employment commenced. Its failure to do so, she continues, resulted in a temporary appointee filling a permanent vacancy during the two-week period in question, in violation of section 3012. We do not agree. There is no indication here that the board acted in an attempt to circumvent the tenure system. The board appointed petitioner a regular probationary teacher at its earliest opportunity, i.e., at its first meeting subsequent to the commencement of her employment. There is no contention that such action constituted undue delay. Under these circumstances, the board's action was not in violation of the Education Law. Further, we are aware of no authority, either statutory or decisional, which would require the board to make petitioner's appointment retroactive (cf. *Matter of Levine,* 12 Ed Dept Rep 272). Latham, J. P., Shapiro, Hawkins and Suozzi, JJ., concur.