■ In the Matter of LORI TREMBLAY, Appellant, v BOARD OF EDUCATION OF THE WESTBURY UNION FREE SCHOOL DISTRICT, Respondent.—In a proceeding pursuant to CPLR article 78 to compel respondent, *inter alia,* to reinstate petitioner to the position of teacher, *nunc pro tunc,* with back pay, the appeal is from a judgment of the Supreme Court, Nassau County, dated June 4, 1979, which dismissed the petition. Judgment, affirmed, with $50 costs and disbursements. Petitioner, a tenured elementary school teacher, was excessed from her position on June 30, 1978 and put on the preferred list. On September 11, 1978 petitioner resumed work as a substitute until September 20, 1978, when she was reinstated as a regular teacher. Respondent has since retroactively restored to petitioner her permanent salary, seniority and other accrued emoluments for the period petitioner served as a substitute. Petitioner, however, claims she is entitled to back pay and accrued seniority from September 1, 1978, the time the position allegedly became vacant, to September 11, 1978. During this period, the class to which petitioner was eventually assigned was covered by the rescheduling of existing personnel. Subdivision 3 of section 2510 of the Education Law does not require recall to a vacancy as soon as it occurs. While the board of a union free school district may not make a temporary appointment to fill a permanent vacancy (see *Serritella v Board of Educ.,* 58 AD2d 645, mot for lv to app den 43 NY2d 642), it does have the power, under subdivision 16 of section 1709 of the Education Law, to determine when a vacancy exists (see *Matter of Halladay,* 69 St Dept Rep 5). Hopkins, J. P., Lazer, Gibbons and Weinstein, JJ., concur.