■ In the Matter of BEVERLY EISENSTADT, Appellant, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered February 20, 1980 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Education. The issue

in this appeal is whether a vacancy existed in the Lansingburgh School District upon the resignation of a tenured teacher who had been on leave of absence and whose position the petitioner had been hired to fill under a contract with the board of education for the 1978 calendar year, that is, from January 1, 1978 to December 31, 1978. Mrs. Morrisey, the tenured teacher, resigned her position in the summer of 1978. Petitioner continued in the position until the end of the contract period. Her services were then terminated and another person was appointed to the position. Petitioner argued that she became a probationary appointee upon Mrs. Morrisey's resignation and the termination of her employment by the board was illegal because it was not in conformity with the procedural protections afforded to probationary teachers by statute (see Education Law, §§ 3012, 3019-a, 3031). The Commissioner of Education dismissed petitioner's appeal, taken pursuant to section 310 of the Education Law, and petitioner sought review of this determination pursuant to CPLR article 78. Special Term held that the Commissioner of Education correctly found that no vacancy had been created upon Mrs. Morrisey's resignation because the position continued to be encumbered by the contractual agreement between petitioner and the board. The petition was, therefore, dismissed and the instant appeal ensued. Petitioner contends that the issue of when a vacancy occurs has been decided by the Court of Appeals in *Matter of Brewer v Board of Educ.* (51 NY2d 855). There, in deciding the validity of the appointment of a teacher to a position temporarily open because of another teacher's taking of a leave of absence, the Court of Appeals said (p 858): "Under the circumstances of this case, however, we think it fair to conclude that the position at issue was not 'vacant' within the meaning of the statute. The term 'vacancy' when used in this context connotes a position or office for which there is no incumbent. Viewed in this light, it is evident that the term does not encompass a position that is temporarily open because the present incumbent has taken a short-term leave of absence. Indeed, it would be somewhat anomalous to treat a position as though it were 'vacant' when there exists an incumbent who has a clear right to reclaim the position upon return from his leave." We conclude that *Brewer,* despite this language, does not support petitioner's position. A school district is permitted to enter into contracts such as the one in question when a regular teacher is to be absent for an extended period of time. To reason, however, that a fortuitous interim resignation by the incumbent teacher redounds to the benefit of the teacher holding the position under a specific and time-limited contractual agreement, is contraindicated by logic and case law. A probationary appointment can only be made by action of the board of education upon the recommendation of the superintendent of schools (see Education Law, § 3012; *Serritella v Board of Educ.,* 58 AD2d 645, mot for lv to app den 43 NY2d 642). Petitioner was not so appointed. The superintendent and board appointed another teacher as a probationary teacher as soon as petitioner's contract expired. Their action was both reasonable and timely. We find no merit in petitioner's contention that her appointment became invalid immediately upon the resignation of Mrs. Morrisey and that such invalid appointment will be conformed by law to a valid one, that is, to probationary status. To reason thus would require that the board terminate its contract with petitioner immediately upon an incumbent's resignation, be held responsible for petitioner's

damages, and bear, as well, the duplicated expense of appointing a probationary teacher of its choice. Such an unreasonable burden should not be placed on the school district. It would undercut the board's discretion in making probationary appointments and would prove financially burdensome. The interpretation of the Education Law by the Commissioner of Education is entitled to great weight and, if not arbitrary and capricious, should be affirmed *(Matter of Mugavin v Nyquist,* 48 AD2d 727, affd 39 NY2d 1003). The determination here is well reasoned and warranted on the record. Judgment affirmed, with costs. Greenblott, J. P., Sweeney, Kane, Mikoll and Casey, JJ., concur.