■ In the Matter of MARY LYNCH, Respondent, v BOARD OF EDUCATION, PATCHOGUE-MEDFORD SCHOOLS et al., Appellants. — In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination denying tenure to the petitioner and terminating her employment, the appeal is from a judgment of the Supreme Court, Suffolk County, entered October 23, 1979, which, after a hearing, granted the petition. Judgment reversed, on the law,

without costs or disbursements, determination confirmed and petition dismissed on the merits. Petitioner was a school nurse-teacher in appellants' school district from September, 1968 through June, 1973. In June, 1971 she was granted tenure as a nurse-teacher. At her own request, petitioner, in September, 1973, commenced work as a health teacher. Petitioner was orally informed, prior to making the change from school nurse-teacher to health teacher, that she was entering a new tenure area. In addition, she signed a form acknowledging that her appointment as health teacher was for a probationary five-year term. Petitioner's classroom performance as a health teacher was observed and evaluated over a period of three years. Based on these evaluations, appellants determined that petitioner should not be granted tenure and that she should be discharged. Petitioner was discharged as of June 30, 1976. Petitioner instituted this proceeding challenging the denial of tenure and claiming in the alternative that based on her tenure as a nurse-teacher she was at least entitled to be reinstated to that position. With regard to the latter contention, petitioner claimed, and later proved, that a nurse-teacher had retired effective the same day that petitioner's service as a health teacher was terminated, and that appellant board of education took no action to abolish the vacated nurse-teacher position. Petitioner claimed that absent action by the board abolishing the position, she, by virtue of her tenure status, was entitled to be appointed to fill the vacant position. After a lengthy hearing, and after reviewing numerous exhibits, the referee determined that appellants' denial of tenure to petitioner was both procedurally and substantively proper. The referee, however, agreed with petitioner's contention that absent action by the board abolishing the nurse-teacher position, the board was required to appoint petitioner to fill the vacancy. Accordingly, the referee ordered that petitioner be reinstated with back pay. Much as we may sympathize with petitioner's plight (see *Matter of Brewer v Board of Educ.*, 69 AD2d 377, affd 51 NY2d 855), we cannot agree with her contention that the board was limited to either abolishing the nurse-teacher position or giving it to petitioner. It has long been the rule that the existence of a vacancy casts no mandatory duty upon a board of education to fill it *(Matter of Jaffe v Board of Educ.*, 265 NY 160). This is the rule even where there are tenured teachers available and willing to fill the position *(Matter of Tremblay v Board of Educ.*, 75 AD2d 621). In view of this rule, the referee's conclusion that the appellants were required to either abolish the position or give it to petitioner cannot stand. Petitioner also urged, as an alternative ground, that appellants' denial of tenure was improper because health teacher was not recognized as a tenure area separate from that of nurse-teacher. On the facts of this case, the referee properly rejected this argument (see *Matter of Mitchell v Board of Educ.*, 40 NY2d 904; *Steele v Board of Educ.*, 40 NY2d 456). Accordingly, reversal and dismissal of the petition is required. Hopkins, J.P., Mangano, Rabin and Weinstein, JJ., concur.