OPINION OF THE COURT
Michael Wollin, J.
Action by plaintiff Michael Cromwell (Cromwell) appearing pro se against the Board of Education of the City of New York (Board) for loss of salary amounting to $4,605.68, resulting from the illegal termination of his services.
The chancellor issued to Cromwell a temporary per diem certificate in social studies effective as of February 1,1983 with an expiration date of June 30, 1983.
On February 7,1983, Cromwell met with the principal of Thomas Jefferson High School, Barbara Dunmore Ford, and was assigned to teach social studies effective February 8, 1983. On February 25, 1983, after 14 days without notice, his services were terminated.
Cromwell claims, upon assignment, he became a probationary regular substitute teacher since he was engaged within 15 days of the commencement of the term. He testified that he was excessed when he was replaced by a regular teacher with a permanent license in social studies. *284 The damages, he alleges, were from the date of termination until June 30,1983, less 44 days of paid services, leaving a balance due of $4,605.68.
The Board claims that his termination was mandated by an appointed excessed tenured teacher and that a temporary per diem teacher can be terminated at will, without notice, and he may be paid only for services rendered.
Procedurally, the file reveals that after the service of the summons on May 13, 1983, the Board moved on July 8, 1983 for summary judgment on the grounds that Cromwell failed to timely serve the notice of claim. (Education Law, § 3813.) On June 14, 1983 an alleged notice of claim was served, during the pendency of the action, and the motion was withdrawn without prejudice. The Board then served an answer and moved for summary judgment on the following grounds: (1) failure to timely serve a notice of claim, (2) substitute teacher can only be paid for services rendered, (3) temporary per diem teachers can only be compensated for days served.
The Judge hearing the motion, in a memorandum decision, wrote, “Motion denied. Issue of facts exist as to whether plaintiff was hired for a term or as a substitute teacher.”
The Board, having failed to move to reargue (CPLR 2221) or appeal (CPLR 5501), this court is bound by the decision on the motion for summary judgment. It appears that the decision failed to address itself to the notice of claim. This court finds that section 3813 of the Education Law is dispositive of the issue herein.
The pertinent portion of section 3813 of the Education Law states as follows:
“2-a. Upon application, the court, in its discretion, may extend the time to serve a notice of claim. The extension shall not exceed the time limited for the commencement of an action by the claimant against any district or any such school. In determining whether to grant the extension, the court shall consider, in particular, whether the district or school * * * acquired actual knowledge of the essential facts constituting the claim within the time specified in subdivision one of this section or within a reasonable time thereafter. The court shall also consider all other relevant facts *285 and circumstances, including: whether * * * the delay in serving the notice of claim substantially prejudiced the district or school in maintaining its defense on the merits.
“An application for leave to serve a late notice shall, not be denied on the ground that it was made after commencement of an action against the district or school.”
The Board was aware of the issues surrounding the claim within three months (Education Law, § 3813, subd 1), and the service of the notice of claim, although late, was miniscule in time, and not being substantially prejudiced, the service is deemed timely.
The court further finds a temporary, per diem certificate issued by the chancellor, without appointment by the Board is revocable at will. Cromwell was not a tenured teacher and giving credence to his contention would subject appointments to the whim of the supervisory staff.
The principal of Thomas Jefferson High School denies permanently assigning Cromwell to a class in social studies and the court finds that Cromwell misunderstood that the period of assignment was subject to the restriction of his license and the mandate of the Board.
Cromwell relies on decision No. 7374 (dated June 26, 1964), in the Matter of Teacher v New York City (Board of Educ.). Commissioner Allen, Jr., in the above decision wrote: “ ‘Under section 484 of respondent’s bylaws, a regular substitute teacher is one who is assigned by the Superintendent of Schools at the beginning of a term, or within fifteen calendar days following the first day for the reporting of newly appointed teachers to a position open for a full term.’ * * * A substitute teacher becomes a regular substitute teacher by appointment under the respondent’s bylaws quoted above, or by actually teaching a class for an entire term. In the latter case, the respondent may not deny such a teacher the benefits of status as a regular substitute by withholding formal appointment or listing the teacher as a per diem substitute in its records.”
This decision does not support Cromwell.
Commissioner Allen, Jr., in the above-mentioned opinion states “‘In the latter case,”’ meaning “by actually teaching a class for the entire term,” and prior to the *286 instant assignment could change the status of the teacher. There is no evidence that Cromwell taught a class for an entire term prior to the time of assignment or that the chancellor or principal assigned him to a full term.
In Serritella v Board of Educ. (58 AD2d 645) the court held: “The Superintendent of Schools may make only temporary appointments and recommend to the board that a probationary appointment be made.”
This was not done. The bad faith of the Board is absent nor is it urged upon the court. An excess tenured teacher may replace a temporary per diem teacher or a substitute teacher.
In Warner v Board of Educ. (14 AD2d 300, 303), affirmed by the Court of Appeals (12 NY2d 924), Justice Eager, for the unanimous court, wrote, “[generally speaking, the substitute teacher is in the class of employees having a minor position, temporary in nature, and her right to compensation depends upon work performed and she may not recover against the Board of Education or school district except for services actually rendered.”
This does not dispute that substitute teachers may be equally competent but rather signals that the permanent teacher passed the competitive examination and met or will meet the formal requirements. It also assures that in periods of teacher surplusage ^tenured seniority will be superior to arbitrary selection.
The teacher may not obtain tenure by passing the examination for a license in a chosen field and fail to meet its criteria.
In the Matter of Board of Educ. v Nyquist (31 NY2d 468, 475), the court stated: “Sympathize though the court may with the plight * * * it may not be gainsaid that the solution lies, not in the unconstitutional attempt of the Commissioner to bypass the requirements of constitutionally mandated examinations”.
Cromwell is unable to recover financial damages after termination without notice since he was temporary per diem teacher.
Complaint dismissed, without costs and disbursements.