■ In the Matter of FRANCES DiPIAZZA et al., Appellants, v BOARD OF EDUCATION OF THE COMSEWOGUE UNION FREE SCHOOL DISTRICT et al., Respondents. [625 NYS2d 298] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Education of the Comsewogue Union Free School District, dated September 18, 1992, to hire substitute teachers to fill certain vacancies, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Newmark, J.), dated June 11, 1993, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the respondents' motion to dismiss the petition is denied, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith; and it is further,

Ordered that the respondents' time to serve an answer is extended until 20 days after service upon them of a copy of this decision and order, with notice of entry.

At the end of the 1990-1991 school year, three physical education teachers in the Comsewogue Union Free School District retired. In the fall of 1991, the respondent Board of Education of the Comsewogue Union Free School District (hereinafter the Board) reassigned the physical education teaching duties of the three retired teachers to existing elementary school teachers. Thereafter, as a result of an arbitra-

tion proceeding initiated by the teachers' union, an arbitrator found the reassignment of duties to be in violation of the collective-bargaining agreement between the union and the Board, inasmuch as the Board did not notify the union and negotiate this "change in policy [which] affects a condition of employment". Pursuant to the arbitration award, the Board ceased the reassignment of duties and commenced negotiations with the union. As an interim measure, the Board hired substitute teachers to perform the physical education teaching duties in the elementary schools while it negotiated with the union.

The petitioners, who were teachers who had been excessed from their positions and whose names were the most senior on a preferred list of eligible teachers, commenced the instant proceeding contending that the Board's action in hiring substitute teachers was arbitrary and capricious because it violated the petitioners' recall rights pursuant to Education Law § 3013 (3). This appeal by the petitioners is from a judgment which granted the respondents' motion to dismiss the petition on the grounds that the "openings" for which the substitute teachers were hired did not constitute "vacancies" within the meaning of Education Law § 3013.

We find that the Supreme Court erred in granting the motion to dismiss the petition. The term "vacancy" connotes a position or office for which there is no incumbent (see, Matter of Brewer v Board of Educ., 51 NY2d 855). Consequently, permanent vacancies were created by the retirement of the three teachers (see, Matter of Cesaratto, 17 Ed Dept Rep 23, 25). However, that is not to say that the Board was obligated to fill them (see, Matter of Lynch v Board of Educ., 81 AD2d 668; Matter of Tremblay v Board of Educ., 75 AD2d 621). Whether and when to appoint teachers rests in the sound discretion of the Board (see, Matter of Jaffe v Board of Educ., 265 NY 160).

While the Board has the power to abolish a position and transfer or divide the duties involved to existing teachers (see, Matter of Young v Board of Educ., 35 NY2d 31), the Board may bargain that power away. Apparently, that was the situation in this case, leading the arbitrator to conclude that the transfer of the retired teachers' duties to regular teachers was a violation of the collective-bargaining agreement. Having divested itself of the power of reassignment of duties, the Board may not purport to exercise that power and, thereby, convert a permanent vacancy into a substitute position by virtue of its own breach of a contractual obligation.

It is irrelevant that the substitute teachers were hired only for the duration of the unsucessful negotiations between the Board and the teachers' union. The regulations of the Commissioner of Education define a substitute teacher as "one who is employed in place of a regularly appointed teacher who is absent but is expected to return" (8 NYCRR 80.36 [a]; *see also, Matter of Henshaw,* 15 Ed Dept Rep 386). Here, there was no guarantee that the teachers' union would agree to a modification of the contract so as to permit the Board to reassign physical education teaching duties to regular teachers, an eventuality which ultimately materialized. Thus, there was no regularly-appointed teacher who was "expected to return" at the time the substitute teachers were hired. Consequently, the Board improperly made temporary appointments to fill permanent vacancies *(see, Matter of Jaffe v Board of Educ.,* 265 NY 160, *supra; Serritella v Board of Educ.,* 58 AD2d 645). Balletta, J. P., Ritter, Altman and Goldstein, JJ., concur.