OPINION OF THE COURT
Jones, J.
When the position of a tenured teacher is abolished and the teacher can be retained on a regular teaching schedule only by assignment to teach a course outside the teacher’s area of certification, the board of education is not required to arrange such a schedule, although permitted under regulations of the Commissioner of Education, when it demonstrates that such a schedule is not educationally or financially feasible.
Permanently certified to teach Latin and French, in 1963 petitioner was appointed as a full-time teacher of those subjects by the Board of Education of the Lisbon Central School District. He had acquired tenure in the secondary area of instruction by April 13, 1976 when the board, which had discontinued Latin classes some years before because of low enrollment, reduced to three the number of classes in French that would be offered after the end of the 1975-1976 school year. Petitioner declined to accept the part-time French teaching position which resulted from this reduction in classes,[1] and efforts by the board to continue him in a full-time position by sharing his services with another school district were unsuccessful because no district could be found that needed a part-time French teacher.
When petitioner rejected part-time employment and asserted a right to remain as a full-time teacher in the Lisbon *282 School District, the board employed a new, part-time French teacher to teach the three classes in that subject and assigned petitioner to a full-time position in mathematics (the position held by the least tenured teacher in the secondary tenure area) pursuant to the mandate of section 2510 of the Education Law. Petitioner was unable to demonstrate that he was certified to teach mathematics, however; consequently, on September 8, 1976, the board found that there was probable cause for a charge against him that he had failed to maintain certification as required by the Education Law and, in particular, that he was not certified to teach secondary mathematics. After a hearing held at petitioner’s request on November 4,
1976 before a panel appointed pursuant to section 3020-a of the Education Law the panel found that the charge had not been sustained and made recommendations concerning petitioner’s continued employment in the district. Thereafter, on December 15, 1976, the board rejected the panel’s findings and recommendations, found petitioner guilty of the charge and dismissed him.
The teacher thereupon commenced this article 78 proceeding to challenge the board’s dismissal. After the proceeding had been transferred to it in accordance with CPLR 7804 (subd [g]), on August 18, 1977 the Appellate Division, citing Matter of Amos v Board of Educ. (54 AD2d 297)[2] and Matter of Steele v Board of Educ. (53 AD2d 674, affd 42 NY2d 840) and concluding that the board had an obligation to explore the feasibility of adjusting teaching schedules to protect petitioner’s tenure rights, remitted the matter "for further proof on the feasibility of adjusting the schedules and for findings on that issue by the board” (62 AD2d 109, 110). The Appellate Division declined to direct that the further proceedings be conducted under the amendment of section 3020-a of the Education Law which had become effective April 15, 1977 (L 1977, ch 82).
The panel that had conducted the prior hearing reconvened on October 28, 1977, took additional proof, and found that the board had not sufficiently explored schedule adjustments looking toward petitioner’s retention. However, on December 27, 1977 the board again rejected the panel’s findings, concluded that it had fulfilled its obligation to consider the feasibility of *283 schedule changes and, with detailed explication, determined that it could not provide full-time teaching employment for petitioner, consistent with an effective educational program and taking cognizance of the financial condition of the school district. On subsequent review by the Appellate Division that court confirmed the board’s determination to discharge the teacher and dismissed the petition. The judgment of the Appellate Division should be affirmed.
Petitioner asserts that, notwithstanding the fact that the only subject he is certified to teach which is still being offered in the school district occupies only enough class periods to require a part-time teacher, the district is obligated to continue him as a full-time teacher. He does not challenge the authority of the school board to make the changes in the foreign language program which have precipitated his dismissal; he however claims a right to have the board readjust class schedules and make class assignments so that he may continue full-time teaching in the school district despite the reduction in the language program. For this contention he relies on our holdings in Matter of Steele v Board of Educ. (42 NY2d 840, supra) and Matter of Amos v Board of Educ. (43 NY2d 706, supra). In each of those cases we held that the school board was obligated to make schedule adjustments to permit continued retention of the teacher. Those cases were significantly different, however, from the present one.
In Steele the petitioner demonstrated that the administration could reshuffle French classes in such a way as to continue her in a full-time French teaching position; all her classes would be within the area of her certification. The outcome of that litigation resulted from the strength, of petitioner’s proof establishing that, through rescheduling, retention of the teacher with assignment to classes within her certification was possible.
In Amos we held that, where there was doubt whether necessary rescheduling of classes to permit continuation within the area of certification could be accomplished, the burden of proof on the issue rested on the board of education, and that on the record in that case the board had not met its burden of showing the impossibility of rescheduling classes so as to permit the petitioner to continue teaching within the area of her certification. By contrast to Steele, the judicial disposition in Amos turned on the insufficiency of the board’s *284 proof, rather than on the strength of the evidence offered by the petitioner.[3]
In the present case — unlike both Steele and Amos — the school board has demonstrated that no rescheduling is possible that would permit retention of petitioner within his certification. The school now offers only three class periods of French a day, and he has declined to accept this part-time teaching assignment.
Petitioner urges, however, that schedules could be rearranged so as to allow him to continue permissible — though not wholly certified — full-time teaching, and poses three conceivable daily assignment patterns: The first consists of three French class periods (within his certification), one class period of either English or Social Studies (not within his area of certification but permissible under the Commissioner of Education’s regulation 8 NYCRR 80.2 [c]), and two study hall periods (not involving any particular area of certification and now covered by existing staff). The second pattern consists of three French class periods and three study hall periods, and the third is composed of six study hall periods. He disclaims any request for serious consideration of the latter two arrangements, by which he would be given what he recognizes is unique treatment, unlike other teachers who are limited to two study hall periods and are assigned to teach four classroom periods.
He contends for the first schedule pattern however, arguing that, inasmuch as the commissioner’s regulation authorizes limited assignment of a teacher outside his certification area (for the equivalent of one class period a day), the board was required to consider the feasibility of the schedule he suggests containing such an assignment. It must be noted that neither Steele nor Amos is precedent for the recognition of any such an obligation; in both those cases the pivotal question was the possibility of continuing the teacher in service entirely within the area of certification. In Steele the teacher succeeded because she showed that such continuation, by rescheduling, *285 was possible; in Amos the teacher succeeded because the school board failed to show that, by rescheduling, such continuation was not possible.
Were we nevertheless, arguendo, to accept petitioner’s contention that the board had an obligation to look beyond the area of certification, the question would then be whether the board has in fact given consideration to a schedule that includes his teaching one class out of certification and has shown justification for declining to retain petitioner on such a schedule.[4] We agree with the Appellate Division that it has done both. The supplemental determination issued by the board on December 27, 1977 manifests that it gave serious attention to the schedule now urged and for legitimate reasons found it unfeasible. There is substantial evidence in the record to support its determination that it would be educationally unsound to assign petitioner to teach either English or Social Studies, subjects in which he has not taught or taken any preparatory work since leaving college in 1962. Indeed, the record shows that with a single exception the board did not have a policy of assigning teachers out of areas of certification, even though such assignments were permissible under State regulation. Similarly, and again for valid educational reasons, all study hall periods had been assigned to existing staff and readjustment of such assignments was therefore not feasible. Additionally, there is evidence to support the board’s conclusion that retention of petitioner on a partially out-of-certification although permissible assignment schedule would be economically unsound, a valid consideration to be taken into account by the board in reaching its decision. Thus, the board has established in this case not only that petitioner cannot be continued within the area of his certification but also that there are valid reasons why he should not otherwise be retained.
It remains only to note that we reject petitioner’s other argument that, because chapter 82 of the Laws of 1977 (modifying the authority of boards of education under section 3020-a of the Education Law and mandating differently comprised hearing panels with enlarged authority) became effective April 15, 1977 prior to the remand by the Appellate Division *286 in this case on August 18, 1977, it was error to remit the case for consideration by the original, prechapter 82 hearing panel. The remand in this instance occurred after the section 3020-a proceeding had been commenced and hearings held and initially completed, was part of a pending proceeding, and was not, therefore, to be characterized as an initial or de novo reference to a hearing panel under the amended section. (Contrast the situation in Matter of Clayton v Clements, 33 NY2d 386, in which, while charges had been filed prior to a change in the Education Law, no hearings had been conducted prior thereto.)
The judgment of the Appellate Division should be affirmed, with costs.
Chief Judge Cooke and Judges Jasen, Gabrielli, Wachtler and Fuchsberg concur with Judge Jones.
Judgment affirmed.

. The daily schedule of full-time teachers in the district consisted of four classroom periods and two periods of study hall supervision. Part-time teachers taught three class periods a day.

. The Amos case was subsequently affirmed by our court on November 17, 1977 (43 NY2d 706).

. In Amos, not unlike the present case, the petitioner offered proof that by rescheduling she could continue to teach on a full-time basis by assignment to teaching French classes (the area of her certification), plus one class out of her certification (permissible under a regulation of the State Education Commissioner [8 NYCRR 80.2 (c)]), plus study halls. As indicated, however, the disposition did not turn on this proof submitted by the petitioner and did not approve the schedule thus suggested as one which could be mandated on the board of education.

. Because it is not necessary for the disposition of this appeal, we do not reach or consider the rights of petitioner were it to be concluded that no sufficient justification had been shown for failure to continue petitioner as a full-time teacher out of certification but by other assignment permitted by the department of education.