OPINION OF THE COURT
Parker J. Stone, J.
Petitioner has commenced this article 78 proceeding for a judgment, pursuant to section 2510 of the Education Law, directing respondent to reinstate him to a full-time position within his tenure area and area of certification, effective September 1, 1981, together with back pay and other benefits. Respondent’s answer alleges that petitioner either waived his rights afforded by section 2510 or that he exercised them in an untimely fashion.
The undisputed facts reveal that petitioner was the only full-time foreign language teacher in the Town of Webb School District. He had received tenure in the secondary education area in 1967. Prior to 1981, he was certified only to teach French.
*352 In February, 1981, because of declining enrollment in French classes, respondent voted to abolish the full-time foreign language teaching position and establish it as a half-time position. Petitioner was immediately offered the half-time teaching position and on March 15, 1981, he applied in writing to the district superintendent for the half-time position.
On April 7, 1981, petitioner, at his request, met with respondent to discuss his tenure status. He was advised that because he was certified only in French, respondent had but two options available; respondent must either dismiss a teacher in petitioner’s tenure area with the least seniority for the coming school year and arrange teaching schedules to permit petitioner to teach full time in his certified subject, or respondent would have to institute a proceeding to have him declared incompetent for lack of certification to teach any full-time subject. Respondent informed petitioner that since he was without certification to teach any full-time subject except French, he would become the subject of an incompetency proceeding unless he had appropriate certification when the teaching agreements were signed in May, between respondent and the teaching staff. Respondent decided not to initiate incompetency proceedings until the next regularly scheduled board meeting on May 5, 1981.
By letter of April 15, 1981, petitioner reaffirmed his decision to apply for the half-time position and respondent appointed him to this position for the coming school year at the May 5, 1981 board meeting. Petitioner was advised of his appointment on May 6, 1981. On May 16, 1981, petitioner signed a “notice of salary” agreement dated May 6, 1981, acknowledging the notice and indicating his intent to continue service in the school system. By May 16, 1981, respondent had filled all teaching assignments in the secondary education tenure area for the coming year.
During the 1980-1981 school year, petitioner studied for certain provisional examinations administered by the State Education Department and was accepted for teacher certification. In June, 1981, he was advised by the State Education Department that he had passed three college level science examinations and was therefore eligible for *353 provisional certification in biology and general science effective September 1, 1981. On June 15, 1981, petitioner notified respondent that he had been so provisionally certified. Respondent had been unaware of petitioner’s attempt to obtain additional certification.
It is undisputed that if petitioner had elected to proceed under subdivision 2 of section 2510 in March or April, 1981, respondent would have been required to discharge the teacher with the least seniority in petitioner’s tenure area. Since petitioner, however, was not then certified in any other subject area, such an election would not have benefited petitioner since he would have been subject to and discharged after an incompetency proceeding.
Petitioner concedes that if he had waited until September 1,1981, the beginning of the school year, to exercise his election under subdivision 2 of section 2510, it would have been untimely. The issue, therefore, is whether petitioner’s election on June 15, 1981, subsequent to the hiring of the district’s teachers, but prior to September 1, 1981, is untimely. If petitioner’s election is found untimely, then petitioner is entitled to an appointment under subdivision 3 of section 2510 only if a vacancy occurs in his certified tenure area. Whether petitioner has made a timely election must be determined by the facts of each case. “A premium may be placed on the promptness of the teacher to assert her rights on abolition of her position” (Matter of Chauvel v Nyquist, 43 NY2d 48, 53).
When respondent abolished the full-time language position, it was presented with two alternatives: “The only two courses of action open to it were to discontinue the services of the teacher having the least seniority within the tenure of the position abolished, pursuant to subdivision 2 of section 2510 of the Education Law, or to discontinue petitioner’s services for legal incompetence due to lack of certification by following the procedure mandated by the tenure statutes, including the granting of a hearing, pursuant to sections 3012 and 3020-a of the Education Law”. (Matter of Lynch v Nyquist, 41 AD2d 363, 365, affd 34 NY2d 588.)
In view of petitioner’s acceptance of the half-time position on three different occasions between February and *354 May, 1981, respondent elected neither alternative. Nevertheless, since petitioner, during the spring semester of 1981, was still teaching within his certified subject area, respondent could not have instituted an incompetency proceeding until July 1, 1981, the effective date of the discontinuance of the full-time language program, and probably not until after respondent had appointed petitioner to a position for which he was not certified. No doubt that by the time respondent could have instituted and concluded such a proceeding, petitioner’s certification in biology and general science would have become effective on September 1. It must be concluded, therefore, that since petitioner exercised his rights under subdivision 2 of section 2510 prior to July 1,1981, his election was timely and respondent was required to follow the procedures thereby mandated.
Whether the dismissal of a teacher with less seniority would have resulted in petitioner obtaining a teaching position within his certified area, is not a question for this court to answer. Respondent is obligated to comply with the intent of subdivision 2 of section 2510. This includes a good faith attempt to reassign its teaching staff within appropriate areas of certification so as to afford petitioner a teaching position within his area of certification. The burden is upon respondent to prove its inability to do so if such be the case. (Matter of Chambers v Board of Educ., 47 NY2d 279.)
Respondent urges that at this late date, the removal of a teacher with least seniority could result in major problems in administration. Although respondent’s concerns are understandable, nevertheless, they cannot legally justify respondent’s failure to comply with the legislative intent of section 2510 of the Education Law. If respondent had acted promptly upon petitioner’s letter of June 15, 1981, any administrative problem could have been minimized, if not eliminated.
Respondent further suggests that as of May 16,1981, all teaching assignments for the coming school year were filled by the execution of “notice of salary” agreements. Petitioner, however, claims that these agreements are not *355 employment contracts and, in any event, cannot supersede the tenure statutes.
Section 3011 of the Education Law requires a board of education to enter into written employment contracts with its teachers. This section does not, as petitioner suggests, apply only to school districts employing eight teachers or less. Section 3012 of the Education Law, providing for tenure, was amended to include teachers in all school districts except city school districts, and section 3013, which related to tenure in school districts with eight teachers, or more, was repealed. Consequently, there no longer is a distinction within the Education Law between districts with more or less than eight teachers. Since the Legislature elected not to repeal section 3011, it must be concluded that it applies to all school districts which may, therefore, legally contract with their teachers. However, all employment contracts between school districts and teachers must defer to the mandate of tenure statutes. Therefore, whether respondent’s “notice of salary” agreement is an enforceable contract is irrelevant. If respondent is forced to release a teacher in response to petitioner’s election under subdivision 2 of section 2510, respondent cannot be held to have breached its contract with that teacher.
In view of this determination, petitioner’s application is granted as follows: respondent is ordered to reinstate petitioner to a full-time position within his tenure area effective September 1, 1981, with all back pay and benefits he may have lost to date. Respondent is reserved the right to commence an incompetency proceeding if it cannot provide a teaching position to petitioner within his area of certification in accordance with the requirements of subdivision 2 of section 2510, and other relevant provisions of the Education Law.