■ In the Matter of DONALD RAPPOLD, Appellant, v BOARD OF EDUCATION, CLEVELAND HILLS UNION FREE SCHOOL DISTRICT, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Cholakis, J.), entered May 13, 1982 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Commissioner of Education which upheld his dismissal from his teaching position with Cleveland Hills Union Free School District. Petitioner was a tenured teacher in the general area of secondary education with certification only in the subject of social studies. In the spring of 1978, the Board of Education of Cleveland Hills Union Free School District (board) determined that, due to declining enrollment, the number of social studies classes should be reduced and one teaching position in that subject should be abolished. Petitioner was advised that a social studies position would not be available for him for the 1978-1979 school year and that he should secure certification in some other subject if he wished to continue employment with the school district. Petitioner protested and reported for work in September, 1978 but was advised that no position was available for him. Petitioner was subsequently charged with legal incompetency based upon lack of certification and was granted a hearing pursuant to section 3020-a of the Education Law. A majority of the panel found that although the board had shown that assigning petitioner to a permissible out-of-certification schedule was not economically or educationally feasible, the board had not shown that rescheduling by cutting English classes rather than social studies classes was impossible and concluded that petitioner was not guilty of incompetence and recommended reinstatement. The board appealed to the Commissioner of Education who set aside the panel's determination and authorized the board to terminate petitioner's services. Petitioner then commenced this article 78 proceeding. Special Term, in dismissing the petition, found that the board of education does not have the burden of justifying its decision to eliminate classes within the parameters of a proceeding pursuant to section 3020-a of the Education Law and that the record contained no evidence of bad faith, arbitrariness, or other impropriety in the board's decision. This appeal ensued. There should be an affirmance. The hearing panel in the case at bar exceeded its authority when it went beyond the mandates of current statutory and case law and required the board to justify the policy decision to cut social studies rather than English classes. The commissioner correctly stated that a 3020-a hearing panel may not disturb a school board's decision to eliminate a particular subject unless that decision was arbitrary, capricious or unlawful. Boards of education are given wide latitude to manage their affairs efficiently and economically, including the power to consolidate or abolish teaching positions (*Matter of Young v Board of Educ.,* 35 NY2d 31, 34). Powers and duties regarding such matters of educational policy have been conferred by the Legislature on boards of education, rather than 3020-a hearing panels (see Education Law, §§ 207,

801, 1709, 3020-a). The record establishes that the board's decision was based upon curriculum requirements mandated by State law and on courses desired by students and their parents. No further justification may be required by a 3020-a hearing panel. Moreover, tenure rights under section 2510 of the Education Law should yield to decisions based on economics and sound educational policy. Special Term correctly held that the decision of the board was made in good faith and was not arbitrary, capricious or unlawful. The decision of the Commissioner of Education that the board carried its burden of proof under section 2510 of the Education Law and applicable case law has a rational basis in the record. "[T]he services of the teacher having the least seniority in the system within the tenure of the position abolished shall be discontinued" (Education Law, § 2510, subd 2). In the case at bar, the tenure area is the secondary academic tenure area. Social studies, English, mathematics and science are subjects for certification within the secondary academic tenure area (see 8 NYCRR Part 30). The remaining senior teachers must then be assigned to teach the courses in the curriculum and, if not certified to do so, their services may be discontinued for legal incompetence (*Matter of Lynch v Nyquist*, 34 NY2d 588). However, petitioner asserts that when challenged, the board did not sustain its burden of proof as prescribed by the case law. Two general rules are set forth in the decisions. First, if challenged, a board that has discontinued the services of a more senior teacher must prove that it was impossible to reshuffle scheduling so as to retain the more senior teacher (i.e., by assigning a multicertified teacher to a different subject permitting the senior teacher to teach within certification) (*Matter of Amos v Board of Educ.*, 43 NY2d 706; *Matter of Steele v Board of Educ.*, 42 NY2d 840). Second, rescheduling so that the senior teacher would teach one class outside his area of certification is not required if not economically or educationally feasible (*Matter of Chambers v Board of Educ.*, 47 NY2d 279). There is no controversy over the second requirement. However, as to the first requirement, petitioner argues that the board did not carry its burden of proving that reshuffling of schedules so as to retain petitioner as a social studies teacher was impossible. The record discloses that the school district conducted a survey to determine whether any teachers were multicertified or close to becoming multicertified. The district had a policy of having teachers teach outside of certification only occasionally and was concerned about setting a precedent for such a policy. The district looked at all possible scheduling combinations. Moreover, in order to retain petitioner as a social studies teacher, out-of-certification assignments would be necessary and both the school district and the commissioner viewed this as unsound. Thus, the evidence provided a rational basis for the decision of the Commissioner of Education that the board met its burden of proof under section 2510 and relevant case law. Judgment affirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.