■ In the Matter of JEANNE MUSOROFITI, Appellant, v BOARD OF EDUCATION OF SOUTH HUNTINGTON UNION FREE SCHOOL DISTRICT, Respondent. — In a proceeding pursuant to CPLR article 78 to compel petitioner's reinstatement to a full-time teaching position nunc pro tunc to June 30, 1982, petitioner appeals from a judgment of the Supreme Court, Suffolk County (Doyle, J.), dated December 9, 1983, which dismissed the proceeding on the merits.

Judgment reversed, on the law, with costs, and respondent is directed to reinstate petitioner to a full-time teaching position nunc pro tunc to June 30, 1982.

The petitioner was appointed by the respondent school district in September 1970, to a probationary term as a secondary school Spanish teacher in the "7-9 [grades seven through nine] secondary tenure area". She became a tenured teacher of Spanish on or about September 1, 1973 in that tenure area. On or about June 9, 1982, a more senior teacher than petitioner, whose position teaching English was about to be abolished, was given the choice to be laid off pursuant to Education Law § 2510 or to choose another position in his tenure area occupied by a less senior teacher. He chose to teach Spanish, the position then

occupied by petitioner. Respondent advised petitioner on or about June 9, 1982 that her position was reduced for the coming year to three Spanish classes and one French class. Petitioner, not being certified in French, first requested reassignment to another Spanish class then being taught by a French teacher, and, thereafter, requested assignment to teach, in addition to Spanish, two classes in English as a second language in the "7-9 secondary tenure area". The classes in English as a second language in the "7-9 secondary tenure area", were being taught at that time by Eva Khatana, who was tenured in the "10-12 general secondary tenure area". Petitioner was ultimately notified on or about September 2, 1982 that her assignment was revised to a three-fifths part-time assignment teaching three classes in Spanish.

Education Law § 2510 (2) provides that: "Whenever a board of education abolishes a position under this chapter, the sevices of the teacher having the least seniority in the system within the tenure of the position abolished shall be discontinued."

Contrary to Special Term's determination, we find that petitioner's rights pursuant to Education Law § 2510 (2) were violated when respondent school district denied petitioner's request that she be permitted to teach two classes in English as a second language being taught by Eva Khatana, a teacher having less seniority than petitioner within the junior high school (grades seven through nine) tenure area (*see, Matter of Lynch v Nyquist,* 41 AD2d 363, *affd* 34 NY2d 588 on opn at App Div; *Matter of Silver v Board of Educ.,* 46 AD2d 427; *Matter of Van Heusen v Board of Educ.,* 26 AD2d 721).

We reject the school district's argument that it was not called upon to accommodate petitioner through schedule adjustments. *Matter of Amos v Board of Educ.* (54 AD2d 297, 303, *affd* 43 NY2d 706) noted that the board of education has the burden of proving that it was impossible to adjust schedules to permit a tenured teacher to teach within his or her certification. The respondent school district failed to sustain its burden of showing that petitioner's full-time job could not be saved by rescheduling. Weinstein, J. P., Brown, Niehoff and Lawrence, JJ., concur.