■ In the Matter of RENEE SENEY, Appellant-Respondent, v BOARD OF EDUCATION OF THE EAST GREENBUSH CENTRAL SCHOOL DISTRICT, Respondent-Appellant, and PATRICIA SACCA, Respondent, et al., Respondent. [962 NYS2d 397]—

McCarthy, J. Cross appeals from a judgment of the Supreme Court (McGrath, J.), entered November 2, 2011 in Rensselaer County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Board of Education of the East Greenbush Central School District reducing petitioner's employment from full time to part time.

Petitioner is a tenured foreign language teacher employed by respondent Board of Education of the East Greenbush Central School District (hereinafter the Board). For the 2009-2010 school year, petitioner taught .8 French, for which she is state certified, and .2 Spanish, for which she is not certified. The Board notified her that for the 2010-2011 school year, her full-time teaching assignment would be reduced to a .6 part-time position. The Board then hired a new teacher, respondent Petra Young, to teach German on a .2 basis.

Petitioner commenced this proceeding against the Board, Young and respondent Patricia Sacca, the most senior foreign language teacher in the district, alleging that the Board violated Education Law § 3013 and acted in an arbitrary and capricious manner by reducing petitioner's teaching assignment and hiring Young without first attempting to shuffle the schedules of other teachers, specifically Sacca. Supreme Court dismissed the petition. Petitioner appeals and the Board cross-appeals.[1]

Supreme Court correctly found that the Board's determina-

---

1. Because Supreme Court dismissed the petition, the Board is not aggrieved by the judgment and has no right to cross-appeal, even if the Board disagrees with some of the court's findings (see CPLR 5511; *Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 544-545 [1983]). Any arguments that the Board wishes to raise, however, can be considered as alternate grounds for affirming (see *Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d at 545-546).

tion was not arbitrary, capricious or unlawful. School districts are granted "sufficient latitude within the law to manage their affairs efficiently and effectively," including the ability to consolidate and abolish teaching positions for financial reasons (*Matter of Gross v Board of Educ. of Elmsford Union Free School Dist.*, 78 NY2d 13, 16 [1991]; *see Matter of Rappold v Board of Educ., Cleveland Hills Union Free School Dist.*, 95 AD2d 890, 890 [1983]). Where a teaching position is consolidated or abolished, "the services of the teacher having the least seniority in the system within the tenure of the position abolished shall be discontinued" (Education Law §§ 2510 [2]; 3013 [2]). To comply with the statute, a board of education must, if possible, make schedule adjustments and shuffle teachers within the same tenure area to retain a district's most senior teachers (*see Matter of Chambers v Board of Educ. of Lisbon Cent. School Dist.*, 47 NY2d 279, 284-285 [1979]; *Matter of Musorofiti v Board of Educ. of S. Huntington Union Free School Dist.*, 108 AD2d 863, 864 [1985], *affd* 65 NY2d 880 [1985]; *Matter of Steele v Board of Educ. of Valhalla Union Free School Dist.*, 53 AD2d 674, 674-675 [1976], *affd* 42 NY2d 840 [1977]). Tenure rights are not sacrosanct, however, and "should yield to decisions based on economics and sound educational policy" (*Matter of Rappold v Board of Educ., Cleveland Hills Union Free School Dist.*, 95 AD2d at 891; *see Matter of Chambers v Board of Educ. of Lisbon Cent. School Dist.*, 47 NY2d at 285). The board of education bears the burden of proving that it was impossible to adjust schedules to retain the more senior teacher, and this burden can be met with proof that proposed schedules are "not educationally or financially feasible" (*Matter of Chambers v Board of Educ. of Lisbon Cent. School Dist.*, 47 NY2d at 281).

The parties do not dispute that the reduction in teaching French from a .8 position to a .6 position can be construed as an abolishment of the full-time position, making Education Law § 3013 applicable. In 2001, after petitioner worked part time in the district since 1997, the Board hired petitioner in a full-time position to teach French at its middle school. In 2004, she received tenure in the foreign language tenure area (*see* 8 NYCRR 30-1.7) and continued to teach French full time, until the 2009-2010 school year, when she taught .2 Spanish and .8 French. She is only certified to teach French. In June 2010, due to budgetary reasons and declining enrollments in certain language classes, the Board decided to eliminate .2 Spanish and

.2 French. These cuts were made to petitioner's position, as she was the district's least senior foreign language teacher.[2]

Sacca has been employed by the Board full time since 1985, taught French at the high school and was the most senior teacher in the district's foreign language department. She is certified in French and German, but has never taught German full time. She has taught only a few sections of German throughout her career, the last of which was in 1991, and has taught French exclusively since then. Despite being certified in German by meeting the minimum qualifications in the 1970s, Sacca avers that she was never fluent in German, has not maintained competency in that language, and recently took a sample version of the German certification exam and was unable to correctly answer any questions.

Petitioner asserted that the Board could have shuffled schedules by having Sacca teach .8 French and .2 German, and giving .2 of Sacca's high school French classes to petitioner. This would have left Sacca with a full-time schedule, petitioner with .8 schedule (.6 at the middle school and .2 at the high school), and eliminated the need to hire Young to teach .2 German. The Board considered this schedule, but found it educationally unsound and not logistically feasible. These conclusions were based on Sacca's self-professed incompetency to teach German and the difficulty or impossibility of scheduling petitioner to teach classes in both the middle school and high school, considering the differences in starting and ending times, different bell schedules in the two buildings and travel time between the two buildings. Petitioner asserts that other teachers have taught classes in both buildings, raising a question as to whether it would be possible to arrange such a schedule with these French classes. Although the Board did not meet its burden of proving the impossibility of schedule shuffling based on the logistical problems (*see Matter of Amos v Board of Educ. of Cheektowaga-Sloan Union Free School Dist.*, 54 AD2d 297, 302-303 [1976], *affd* 43 NY2d 706 [1977]; *Matter of Steele v Board of Educ. of Valhalla Union Free School Dist.*, 53 AD2d at 674-675), the Board met its burden overall. While it would have been legally possible for Sacca to teach German, as she was certified in that language, the record supports the Board's assertion that

---

**2.** Petitioner does not contest the elimination of the .2 Spanish that she taught the previous year (outside her area of certification but permitted by Department of Education regulations). She also does not contest the Board's decision to eliminate the .2 French from the district's course schedule, but does contest the elimination of those French courses from her teaching assignment without shuffling other teachers' schedules.

it would not have been educationally sound to adjust the schedules as petitioner suggested, considering that Sacca had not taught German in 20 years and was admittedly incompetent to teach it. Given this educational reason and the Board's economic reasons for reducing the number of French classes, Supreme Court correctly found that the Board complied with Education Law § 3013 and the determination was not arbitrary or capricious (*see Matter of Chambers v Board of Educ. of Lisbon Cent. School Dist.*, 47 NY2d at 285; *Matter of Rappold v Board of Educ., Cleveland Hills Union Free School Dist.*, 95 AD2d at 891).

Because we are affirming on that ground, we need not address the alternate ground raised by the Board and Sacca.

Rose, J.P., Spain and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.