Memorandum. The order of the Appellate Division is reversed and the determination of the Board of Education reinstated. Whether petitioner had tenure as a driver education teacher or not, he was, on this record, the least senior teacher of that subject in the respondent school district. His position having been abolished, his rights upon termination were those determined by subdivisions 2 and 3 of section 2510 of the Education Law and not by the provisions of sections , 3012 and 3020-a of the Education Law. We note particularly that, when a teacher’s services are terminated pursuant to subdivision 2 of section 2510, there is no requirement that a hearing be held.
 

 The respondent school district has published and maintained its own "Senior High Tenure Area List” since 1946. Driver education has appeared on that list as a special tenure area at least since its amendment in 1961, three years prior to petitioner’s first employment in the district as a Latin teacher and almost eight years prior to his decision to become a teacher of driver education. Interestingly, the school district’s designation of driver education as a special tenure area is not unique. The Board of Regents and the Commissioner of Education officially recognized it as such in 1975 (8 NYCRR 30.8 [a] [3]).
 

 As in
 
 Steele v Board of Educ.
 
 (40 NY2d 456, 463) petitioner was "sufficiently alerted to the fact” that, in leaving the Latin department and taking on the duties of teacher of driver education, he was "entering an entirely independent tenure area”, in which his previous experience "would not be relevant in determining seniority”.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Order reversed, without costs, and determination of the Board of Education reinstated in a memorandum.