OPINION OF THE COURT
Gabrielli, J.
In this article 78 proceeding the petitioner challenges a determination of the Commissioner of Education upholding a decision of the respondent board of education refusing to place the petitioner on the faculty of the Harrison Central School District. This case involves an interpretation of section 2510 of the Education Law dealing with the abolition of teaching positions and the concomitant rights of tenured teachers affected by the abolitions.
The petitioner, Miriam Ward, was a tenured public school teacher employed by the Board of Education of the Harrison Central School District as a Latin teacher for the school year 1970-1971. Although her academic tenure area was the secondary level she was certified only in Latin at this time. In May, 1971 the board notified petitioner that one Latin teaching position would be abolished and her services in that capacity were no longer required since she had less seniority than the other Latin teacher. Thereafter petitioner applied for appointment to an English position, seeking preferential treatment since her tenure area included that subject, but her application was denied because she lacked certification as an English teacher. The board eventually hired several new English teachers for the 1971-1972 school year.
*61 Pursuant to the provisions of section 310 of the Education Law, petitioner appealed to the Commissioner of Education, alleging that she has general secondary tenure and, therefore, has a right as a matter of law to be appointed to a vacant position in secondary English. Noting the lack of certification in English, the commissioner ruled that: "Petitioner’s tenure area is secondary; however, that does not entitle petitioner to appointment to a position for which she is not legally qualified by having obtained certification.” Petitioner then instituted the present article 78 proceeding challenging the commissioner’s determination on the ground, inter alia, that it was contrary to the mandate of section 2510 of the Education Law dealing with the abolition of the positions of tenured teachers and their subsequent rights to re-employment. Supreme Court sustained the determination of the commissioner and the Appellate Division affirmed.
Initially, it should be noted that determinations by the commissioner made pursuant to section 310 of the Education Law had previously been subject to a limited standard of review, being overturned only if "purely arbitrary” (see Matter of Baer v Nyquist, 34 NY2d 291, 298). In 1976, however, the statute was amended to conform with the usual standard of review, i.e., whether the decision was arbitrary and capricious (L 1976, ch 857). But under neither standard may the commissioner’s action contravene specific statutory provisions which petitioner claims occurred here. We find, however, that the commissioner’s determination is consistent with the statutory provisions and must be sustained. Section 2510 of the Education Law provides, in pertinent part:
"2. Whenever a board of education abolishes a position under this chapter, the services of the teacher having the least seniority in the system within the tenure of the position abolished shall be discontinued.
"3. If an office or position is abolished or if it is consolidated with another position without creating a new position, the person filling such position at the time of its abolishment or consolidation shall be placed upon a preferred eligible list of candidates for appointment to a vacancy that then exists or that may thereafter occur in an office or position similar to the one which such person filled without reduction in salary or increment, provided the record of such person has been one of faithful, competent service in the office or position he has filled. The persons on such preferred list shall be reinstated or *62 appointed to such vacancies in such corresponding or similar positions in the order of their length of service in the system at any time within four years from the date of abolition or consolidation of such office or position.”
As noted, subdivision 2 provides that when a position is abolished the teacher with the least seniority "within the tenure of the position abolished shall be discontinued”. This subdivision establishes a seniority method for determining which teacher may be dismissed as a result of the abolition of a position (Matter of Lezette v Board of Educ., 35 NY2d 272). Subdivision 3, on the other hand, deals with the problem of reemployment rights after dismissal under subdivision 2 has been effectuated. Of course the statute contemplates that prior to any re-employment consideration, dismissal will have been made in compliance with subdivision 2. Thus, it is understandable that subdivision 3 embodies a more limited re-employment provision in that preferential re-employment is restricted to vacancies in "corresponding or similar positions”. The dismissal rights of subdivision 2 refer specifically to tenure area while the re-employment rights of subdivision 3 refer only to similar positions (see Matter of Chauvel v Nyquist, 43 NY2d 48, 52, decided herewith).
In Matter of Lynch v Nyquist (41 AD2d 363, affd 34 NY2d 588) the court, in dealing with a subdivision 2 dismissal, held that the statute mandated the release of a teacher based strictly on seniority in the tenure area and that lack of certification may not be used to circumvent this procedure. The rationale for insisting on strict compliance was to assure that statutory procedures for discontinuance of tenured teachers be followed. In that case, it was stated that "Certification requirements * * * may not be employed to erode the protections afforded tenured teachers, since the tenure statutes provide the exclusive method for dismissal for those teachers * * * The only two courses of action open to [the board] were to discontinue the services of the teacher having the least seniority within the tenure of the position abolished, pursuant to subdivision 2 of section 2510 of the Education Law, or to discontinue petitioner’s services for legal incompetence due to lack of certification by following the procedures mandated by the tenure statutes” (Matter of Lynch v Nyquist, supra, p 365, affd 34 NY2d 588; see, also, Matter of Steele v Board of Educ., 53 AD2d 674, affd 42 NY2d 840; Matter of Silver v Board of Educ., 46 AD2d 427).
*63 These somewhat cumbersome procedures are necessary to assure that tenured teachers are not dismissed by virtue of abolition without the proper procedures. However, the law recognizes the practical reality that the necessary abolition of positions may result in the dismissal of tenured teachers. If the dismissal is proper under the law, then subdivision 3 provides additional rights, unrelated to the dismissal itself, involving re-employment. These rights do not flow from the protections against arbitrary dismissal (cf. Matter of Silver v Board of Educ., supra, p 430), but are independent benefits. The statute provides that re-employment rights attach only to "corresponding or similar positions”. A certified Latin teacher cannot successfully assert entitlement to re-employment in an English position for which she lacks the legal qualification because the assertion that the new position is similar to the old one is belied by the absence of legal qualification. Certification is a statutory requirement of no small significance (see Matter of Meliti v Nyquist, 41 NY2d 183). When seeking reemployment rights the threshold question must be one of certification to teach in the position sought. Absent such certification, re-employment rights cannot attach.
Finally, it should be noted that the above Reasoning is consistent with the interpretation applied by the commissioner and the construction given statutes by the agency responsible for their administration should not be lightly set aside (Matter of Lezette v Board of Educ., 35 NY2d 272, 281, supra).
Nothing in the record indicates that at the time petitioner was dismissed there were teachers with less seniority within her tenure area. More importantly, the petition before the commissioner does not allege an improper dismissal but challenges the board’s alleged lack of preferential re-employment. Since no challenge to her dismissal under subdivision 2 is presented in the papers, we do not address any issues under that provision, if such there be. The only issue is whether her rights to re-employment under subdivision 3 have been violated. When she sought re-employment as an English teacher, petitioner was not certified in English. Thus for the reasons discussed above, her claim must fail.
Accordingly, the order of the Appellate Division should be affirmed, without costs.