OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, and the judgment of Supreme Court reinstated.
 

 Special Term correctly determined that petitioner, laid off from his tenured position in the license area of teaching the homebound, was entitled to revert to his former license area of teaching earth science in day high schools. Respondent improperly denied the application on the ground that petitioner, nontenured in the area to which he sought to revert, could not displace a tenured teacher in that area.
 

 Respondent’s reliance on section 2588 (subd 3, par [a]) of the Education Law is misplaced. That section governs layoffs and expressly provides that layoffs in the tenure area are to proceed on the basis of least seniority in the city school district, "provided that the services of a person who has acquired tenure within such tenure area shall not be discontinued if another person holding a position within such tenure
 
 *881
 
 area has not acquired tenure”. In contrast, section 2588 (subd 4, par [a]) of the Education Law governs reverting to a position in the tenure area where the individual previously served. All that is required to entitle a person to displace another is that the applicant have "greater seniority, based on length of service as a member of the teaching or supervisory staff in the city school district” (Education Law, § 2588, subd 4, par [a]). Under the express language of the statute, the right to revert to and displace a teacher in a former area is dependent only upon previous service under regular appointment in the area and system seniority. Had the Legislature determined that tenure in the area was a relevant factor for reverting, it would have provided for it expressly. It would be inappropriate for this court to read that criterion into the statute when the Legislature declined to do so.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
 

 Order reversed, etc.