OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Petitioner, who had been employed as a junior high school language teacher, lost her job in 1976, when her position was abolished. In accordance with subdivision 3 of section 2510 of the Education Law, petitioner’s name was promptly placed upon a "preferred eligible list”, entitling her to reinstatement in the event that a "vacancy” occurred "in an office or position similar to the one which [she previously] filled”. As a "preferred eligible”, petitioner had a right to be appointed to fill the next available "vacancy”, provided that there were no other teachers on the "preferred eligible list” with similar teaching experience who had greater "length of service in the system” prior to having been terminated (see Education Law, § 2510, subd 3).
An opening occurred in the junior high school language department, in which petitioner had previously served, in September of 1977, when one of the teachers within that department decided to take a temporary leave of absence. Despite petitioner’s status as a "preferred eligible”, the school district bypassed petitioner and offered the open position to a Ms. Griffith, who had been employed within the district since 1958. Ms. Griffith had taught foreign languages, primarily in the district’s senior high school, until 1975, at which time she accepted a provisional appointment as department chairperson. She was forced to vacate that position in 1977, however, presumably as a result of her inability to obtain the necessary certification.
*857 Contrary to the arguments advanced by respondents, we are unable to conclude that Ms. Griffith was entitled to be appointed to the open position as a consequence of her senior status on the “preferred eligible list”. Subdivision 3 of section 2510 of the Education Law, which mandates the creation of a “preferred eligible list”, expressly provides that such lists are reserved for those whose positions have been abolished or consolidated with another position. The purpose of the statute is to provide a mandatory preference in rehiring for those unfortunate school employees who lose their positions through the practice of “excessing”. Were' we to permit school districts to place on the “preferred eligible list” individuals such as Ms. Griffith, who lost her position for reasons other than “abolishment” or “consolidation”, we would effectively be diluting the preference that the Legislature intended to confer upon “ex-cessed” employees. A contrary conclusion would frustrate the clear language as well as the evident purpose of subdivision 3 of section 2510, and we thus hold that the “preferred eligible” status contemplated by that statute is available only to school employees whose former positions have been abolished or consolidated.
We recognize, as did the Appellate Division, that school employees such as Ms. Griffith may be somewhat hesitant to accept provisional promotions if they know that they will not be given preferred access to vacancies in their former tenure areas in the event that their provisional appointments are terminated. That this potential difficulty exists, however, does not furnish a sound basis for disrupting the operation of a legislative measure that was designed specifically to protect “excessed” school employees. A solution to the problem identified by the Appellate Division, if indeed such a problem exists, must come directly from the Legislature in the form of a separate enactment. We may not, under the guise of our judicial authority to interpret legislation, permit school districts to utilize subdivision 3 of section 2510 to benefit a class of employees not contemplated by that statute at the expense of those employees who were clearly the intended beneficiaries of the measure.
We are also aware that the Commissioner of the Department of Education has taken the position that employees who have lost their jobs for reasons other than “excessing” may avail themselves of the “preferred eligible lists” mandated by subdivision 3 of section 2510 (Matter of Fitzgibbons, 8 Ed Dept *858 Rep 205, 208). Inasmuch as the commissioner’s view in this matter "runs counter to the clear wording of [the] statutory provision”, however, "it should not be accorded any weight” (Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451, 459).
Our analysis, however, cannot end with this conclusion, for the preferential rights conferred by subdivision 3 of section 2510 upon "excessed” school personnel are triggered only when a "vacancy” arises "in an office or position similar to the one” previously occupied. If the open position in question in this case cannot be considered a "vacancy” within the meaning of the statute, it would necessarily follow that petitioner’s status as a "preferred eligible” was of no significance, and the school district was privileged to fill the open position by appointing an employee such as Griffith, who was not qualified for the "preferred eligible list”.
The Legislature has provided no definition of the term "vacancy” as it is used in subdivision 3 of section 2510, and there are few, if any, judicial decisions which elucidate the meaning of that term. Under the circumstances of this case, however, we think it fair to conclude that the position at issue was not "vacant” within the meaning of the statute. The term "vacancy” when used in this context connotes a position or office for which there is no incumbent. Viewed in this light, it is evident that the term does not encompass a position that is temporarily open because the present incumbent has taken a short-term leave of absence. Indeed, it would be somewhat anomalous to treat a position as though it were "vacant” when there exists an incumbent who has a clear right to reclaim the position upon return from his leave.
In short, we conclude that the teaching position which petitioner seeks was not a "vacancy” within the coverage of subdivision 3 of section 2510 of the Education Law. Accordingly, her rights under that provision were not violated when the school district ignored her status as a "preferred eligible” and appointed Ms. Griffith as a "regular substitute” to fill the opening. Inasmuch as petitioner’s claim for relief was predicated solely upon her rights under subdivision 3 of section 2510, her petition was properly dismissed.