In the Matter of ROBERT L. GREEN, Respondent, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF NEW YORK et al., Appellants, and COMMUNITY SCHOOL BOARD NO. 9 OF THE BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK et al., Respondents.

First Department, November 20, 1980

### APPEARANCES OF COUNSEL

*Michael Gage* of counsel *(L. Kevin Sheridan* with her on the brief; *Allen G. Schwartz, Corporation Counsel,* attorney), for appellants.

*Philip D. Tobin* of counsel *(Roy N. Watanabe, Lyn Diamond* and *Janet C. Neschis,* with him on the brief; *Cohn, Glickstein, Lurie, Ostrin, Lubell & Lubell,* attorneys), for respondent.

BIRNS, J.

In this CPLR article 78 proceeding, petitioner, a tenured civil servant employed by Community School District No. 9, seeks reinstatement to his position as District Business Officer within that district or to a similar position in the New York City education system, and salary retroactive to November 30, 1978.

Petitioner was appointed to that position by the community school board in October, 1970. In March, 1975, he was charged by the community superintendent of said district under subdivision 7 of section 2590-j of the Education Law with "incompetent * * * service" and "conduct unbecoming his position".

A hearing required by that section was commenced before a trial examiner in August, 1975 and continued intermittently until closed July, 1977. The trial examiner's report, filed October 4, 1977, recommended a penalty short of dismissal.

While formal action on the trial examiner's report was still pending, the community school board early in September, 1978 sought to "excess" [1] petitioner. The community superintendent informed the board of education that the community school board eliminated the position of District Business Officer from the 1978-1979 budget of the district, and that the board of education would be required to assign petitioner elsewhere to "some existing vacancy appropriate to his training and experience."

Subsequently, the community school board by resolution

---

1. "Excessing" is the practice in the school system of laying off an employee whose position is eliminated because of lack of funds (Matter of Council of Supervisors & Administrators v Board of Educ., 73 Misc 2d 783, 784-785; Matter of Brewer v Board of Educ., 51 NY2d 855). If the person excessed is a tenured civil servant employed by a community school district the board of education must attempt to place him in a similar position in another district. In the case of an excessed District Business Officer, with seniority, every other district would have to be contacted and the district having the business officer with the least seniority would be asked to accept the excessed officer (and if that district refused to accept the excessed employee, its own business officer would have to be laid off). Thus, a domino effect would result (see Matter of Council of Supervisors & Administrators v Board of Educ., supra, 785-786; see, also, Matter of Brewer v Board of Educ., supra).

dated September 20, 1978 "terminated" [2] petitioner, despite the contrary recommendation in the trial examiner's report of October 4, 1977. By letters dated November 28, 1978 and December 1, 1978 petitioner was informed of his termination. He was paid until November 30, 1978 and his employment ended as of that date.

In considering this proceeding, Special Term concluded that petitioner was improperly terminated but properly excessed. The court ordered petitioner reinstated to his position within Community School District No. 9 and directed the board of education to reassign him as of November 30, 1978 to another district within the city school system, with back pay to the date of his reinstatement.

No appeal is taken by the community school board or community superintendent. The only appellants are the board of education and its chancellor. They challenge Special Term's finding that petitioner was properly excessed and the direction to reassign petitioner to another school district.

If an appeal had been taken from the determination of Special Term that petitioner was improperly terminated, we would affirm that holding. The termination of petitioner's employment, stemming from a personal dispute between him and the community superintendent, was arbitrary and capricious. Furthermore, the constant delays by the community school board and the unreasonable length of time—over three years—that elapsed from initiation of charges (March, 1975) until notice to petitioner of termination (December 1, 1978), deprived him of due process.

Contrary to Special Term, we find that petitioner was improperly excessed. Although a community school board has "authority and responsibility with regard to trials of charges" (Education Law, § 2590-j, subd 7), only the board of education has the authority to promulgate rules concerning excessing of employees anywhere in the school system *(Matter of Council of Supervisors & Administrators v Board of Educ.*, 73 Misc 2d 783). Such rules, adopted by the board of education, require a community school board

---

2. "Termination" occurs when a person's employment is ended, although the position remains.

to demonstrate fiscal necessity to the board of education, and to obtain approval from the board of education prior to removal of the position from the district budget *(Matter of Council of Supervisors & Administrators v Board of Educ., supra,* 785). Excessing may not be used as a device to resolve disciplinary problems. Here, while the charges against petitioner were still not formally resolved, the community school board sought to excess him. There was no showing (with back-up data) by the community school board of budgetary need—lack of money—for seeking to eliminate the position from the district budget, nor was prior approval of the board of education obtained. The excessing of petitioner was invalid.

Accordingly, judgment (resettled) of the Supreme Court, New York County (MARKS, J.), entered April 16, 1980, which granted petition of petitioner-respondent Robert Louis Green, and ordered that he be reinstated *nunc pro tunc* as of November 30, 1978 to his position within Community School District No. 9 as District Business Officer and that respondents-appellants be directed to reassign him to a district within the city school system other than Community School District No. 9 without loss of benefits and to pay him his retroactive salary, should be modified on the law, without costs, to vacate that portion of the judgment which directs that petitioner be reassigned, and otherwise affirmed.

MURPHY, P.J., KUPFERMAN, LUPIANO and YESAWICH, JJ., concur.

Resettled judgment, Supreme Court, New York County, entered on April 16, 1980, modified, on the law, without costs and without disbursements, to vacate that portion of the judgment which directs that petitioner be reassigned, and otherwise affirmed.