In the Matter of DOROTHY M. COLE et al., Respondents, v BOARD OF EDUCATION, SOUTH HUNTINGTON USFD, et al., Appellants.

Second Department, December 20, 1982

### APPEARANCES OF COUNSEL

*James R. Sandner* (*Noel D. Cohen* of counsel), for individual teachers, appellants.

*Winick, Ginsberg, Ehrlich, Reich & Hoffman* (*Lawrence W. Reich* of counsel), for Board of Education, appellant.

*Frederic Block, P. C.* (*Eugene L. Wishod* of counsel), for respondents.

*McGivern, Shaw & O'Connor* (*Norman H. Gross* of counsel), for the New York State School Boards Association, Inc., *amicus curiae.*

### OPINION OF THE COURT

TITONE, J.

A school district which abolishes a position for economic reasons is required by statute to discontinue "the services of the teacher having the least seniority in the system

within the tenure of the position abolished" (Education Law, § 2510, subd 2; § 2585, subd 3;[1] *Steele v Board of Educ.*, 40 NY2d 456, 462). After the appellant school district restructured its schools prospectively so that subjects formerly included in separate horizontal tenure areas at the junior (grades 7-9) and senior (grades 10-12) high school levels are now encompassed in separate vertical special subject tenure areas covering all grade levels (kindergarten to grade 12), it was forced by the need for retrenchment to abolish teaching positions in its junior high schools. Whether the district complied with the statutory mandate in calculating the competing seniority rights where one of the teachers is tenured in the former horizontal tenure area at the junior high school level and the other in the vertical special subject area at the high school level, and the only available position in that subject is in the senior high school, is the subject of this appeal.

## OVERVIEW

Petitioners were appointed as probationary teachers in the junior high school tenure area and received teaching assignments in the junior high schools prior to August 1, 1975. Effective that date, the Board of Regents promulgated comprehensive regulations defining the various tenure areas (8 NYCRR Part 30). So far as is relevant, Part 30 creates special subject tenure areas in 14 subjects, including business education and home economics (§ 30.8, subd [a], pars [2], [9]) and provides certain rights with respect to the abolition of positions (§ 30.13).[2] In response to the teaching of *Matter of Baer v Nyquist* (34 NY2d 291) that "a

---

**1.** The language of subdivision 2 of section 2510, and of subdivision 3 of section 2585 is identical. Section 2510 has been held applicable to all types of school districts, including union free and central school districts (*Matter of Dreyfuss v Board of Educ.*, 72 Misc 2d 703, 706, revd on other grounds 42 AD2d 845; *Matter of Silver v Board of Educ.*, 46 AD2d 427, 429-430). Section 2585 applies to school districts of larger cities.

**2.** 8 NYCRR 30.13:

"Rights incident to abolition of positions. Subject to the provisions of sections 2510 and 2585 of the Education Law, where a board of education or board of cooperative educational services abolishes professional education positions, it shall do so in accordance with the following rules:

"(a) The board shall identify the tenure area in which the professional education position is abolished.

"(b) The board shall determine the person having the least seniority in the tenure area affected by the abolition.

board of education may not engage in 'radical restructuring' of the traditional tenure areas without reference to some controlling regulations or express standards propounded by the Board of Regents or enacted by the Legislature, and even then may do so only in a prospective manner" (*Steele v Board of Educ.*, 40 NY2d 456, 463), Part 30 has "only prospective effect" (*supra,* p 463, n 2; 8 NYCRR 30.2 [a]). Following the enactment of Part 30, the petitioners continued to teach full-time in the junior high schools for a number of years. However, their positions have now been reduced to part-time positions in the junior high schools. The district continues to employ full time in its senior high school, teachers of the same subjects who were appointed after August 1, 1975 (individual appellants Lewi and Johnson).[3]

### FACTS

Petitioner Margaret Shepherd commenced her employment with the school district on September 1, 1973 as a part-time teacher of home economics at the junior high school level (grades 7-9). Later she received a full-time teaching position, effective September 1, 1974, and was assigned to teach home economics in a junior high school.

Pursuant to resolution of the district dated August 24, 1977 she was granted a permanent tenure appointment in the "teaching area General Secondary 7-9", commencing September 1, 1977. She continued to teach home economics at the junior high school level on a full-time basis through June 30, 1979. Thereafter, her position was reduced to that

---

"(c) Should the individual so identified have tenure or be in probationary status in additional tenure areas created by this Part, he shall be transferred to such other tenure area in which he has greatest seniority and shall be retained in such area if there is a professional educator having less seniority than he in such other tenure area.

"(d) If such individual is junior in service in such second tenure area, he shall be transferred in succession in order of length of service, to each of the areas in which he shall have acquired tenure or be in probationary status and shall be retained in any such area if there is a professional educator in such area having less seniority than he."

3. Appellants Marcia Silverman and Maryann Holle are no longer employed by the district. Accordingly, the issues have been reduced to disputes between (1) petitioner Margaret Shepherd and appellant Lois Lewi; and (2) petitioner Dorothy M. Cole and appellant Irwin Johnson, with respect to who is entitled to a full-time position in the senior high school as a teacher of (a) home economics (Shepherd or Lewi) and (b) business education (Cole or Johnson).

of part-time teacher of home economics at the junior high school level.

Appellant Lois Lewi was initially employed by the school district on September 17, 1975 when she received a probationary appointment as a "Home Economics-General (K-12) teacher", retroactive to September 1, 1975. She was assigned to teach home economics at the senior high school (grades 10-12). She received tenure in the "teaching area *Special Subjects K-12 (Home Economics)*", effective September 1, 1978, and has continued as a full-time teacher in that position at the senior high school level.

Petitioner Dorothy M. Cole was initially employed by the school district on September 1, 1971 to teach social studies at the senior high school while the regular teacher was on sabbatical leave. Pursuant to resolution of the school district dated September 20, 1972, she was granted a probationary appointment as a "Social Studies teacher", retroactive to September 1, 1972, and was assigned to teach full time at a junior high school. She continued in that teaching assignment for the required probationary period. Pursuant to resolution of the school district dated June 26, 1975, she was granted a permanent tenure appointment in the "teaching area Social Studies 7-9", commencing September 1, 1975.

By letter dated May 24, 1976, the school district notified Cole that her teaching services would be terminated as of June 30, 1976 because of staffing curtailments. By letter dated June 25, 1976, the school district rescinded the termination letter of May 24, 1976, and advised her that "your seniority in the district entitled you to bumping rights over other staff members with less seniority in the 7-9 general secondary tenure area." By letter dated August 26, 1976, the school district notified her that she had been "reassigned" to the junior high schools as a "Business Education teacher" effective September 1, 1976, a position for which she was and is fully certified. She served as a full-time teacher of business education in the school district's junior high schools until June 30, 1980, when her position was reduced to that of part-time teacher of business education in the junior high schools.

Appellant Irwin Johnson was first employed by the school district on November 16, 1977 when he received a probationary appointment as a "Special Subject K-12 (Business) teacher", retroactive to October 27, 1977. He was assigned to teach business education at the senior high school and he continues to serve in that full-time position.

## CONTENTIONS OF PARTIES

In support of this CPLR article 78 proceeding to compel the school district to restore the petitioners to their prior status as full-time teachers, petitioners make the following two-pronged argument. They contend that the tenure area of the position abolished should first be identified in accordance with the classification in effect at the time the position is abolished or reduced, and that a teacher appointed prior to August 1, 1975, who is currently teaching a subject which is now classified in a special subject area, "must be deemed by operation of law to have acquired an additional or substitute tenure area commencing on the first date of service in that subsequently recognized special subject area". Specifically, the petitioners claim that since there was a reduction in business education and home economics classes, the positions abolished were in the special subject areas for those two subjects; that Cole acquired tenure in business education one year earlier than Johnson, on September 1, 1979; and that Shepherd achieved tenure in home economics at the same time as Lewi, on September 1, 1978. The petitioners assert that therefore Cole is senior to Johnson; and Shepherd, by virtue of her service as a teacher of home economics prior to August 1, 1975, is senior to Lewi.

The appellants maintain that the positions abolished are in the junior high school tenure area and that the petitioners were the two least senior teachers in that area. They claim that it was merely fortuitous that the petitioners "were teaching the two subject matter courses that were abolished".

## DETERMINATION OF SPECIAL TERM

Special Term directed that petitioners be reinstated to full-time teaching positions in "their respective special tenure areas". "To rectify" what it termed "a harsh and

inequitable situation", Special Term held that by continuing to teach home economics after August 1, 1975, Shepherd received "a probationary appointment (without the necessity of a formal appointment by the Board of Education) in the new vertical tenure area"; that when Cole was assigned to teach business education after the enactment of Part 30, she "received her probationary appointment in her new vertical special subject tenure area of Business Education". Imputing knowledge of these "probationary appointments" to the school district and commenting that the petitioners "continued to teach well beyond the expiration of their probationary period", Special Term concluded that Shepherd and Cole acquired tenure "by acquiescence and estoppel". To resolve the question of seniority between Shepherd and Lewi, both of whom received their "probationary appointments" on September 1, 1975 and were "granted tenure on September 1, 1978", Special Term held that Shepherd "is entitled to seniority based upon her longevity within the school district".

We disagree with Special Term's reasoning and conclusions.

### DETERMINATION ON APPEAL

The petitioners' contentions and the ruling at Special Term are contrary to public policy and judicial and administrative interpretation of the statutory scheme. Public policy mandates that a " 'board of education evaluate the requisite competence and merit of a teacher before the conferral of tenure' " (*Matter of Three Vil. Teachers Assn. v Three Vil. Cent. School Dist. No. 1*, 56 AD2d 604, 605). The primary purpose of the tenure statutes is "to assure security to competent teachers in positions to which they have been *appointed*" (*Matter of Moritz v Board of Educ.*, 60 AD2d 161, 166; emphasis added). An assignment accepted voluntarily in which there is no exercise of the appointing power by the board cannot ripen into tenure (Education Law, § 2509; *Matter of Becker v Board of Educ.*, 9 NY2d 111; *Bacon v Board of Educ.*, 309 NY 1030, denying mot for lv to app 285 App Div 1046, affg 205 Misc 73, 77; see *Matter of Board of Educ. v Nyquist*, 31 NY2d 468, 474). Tenure is acquired in a particular area after service for more than the required probationary period following an appointment

by a board of education (*Matter of Becker v Board of Educ., supra*). The area in which the employee achieves tenure status is the area in which the probationary appointment was made (*Legislative Conference of City Univ. of N. Y. v Board of Higher Educ.*, 38 AD2d 478, 480, affd 31 NY2d 926; *Matter of Lezette v Board of Educ.*, 35 NY2d 272, 281). The limiting phrase "within the tenure of the position abolished" in subdivision 2 of section 2510 of the Education Law, which states: "Whenever a board of education abolishes a position under this chapter, the services of the teacher having the least seniority in the system within the tenure of the position abolished shall be discontinued", refers, not to the date upon which the particular teacher received tenure, but to the field in which the position abolished is classified (*Matter of Lezette v Board of Educ., supra*, p 281).

The statute provides no method of identifying "the tenure of the position abolished" and, where the excessed teacher was appointed prior to August 1, 1975, Part 30 of the regulations of the Board of Regents is not instructive as to which tenure area standard should be employed to ascertain the tenure area of the position abolished. Judicial comment is of little guidance. It has been said of subdivision 2:

"This system gives effect to both the employees' interest in job security in their particular area of educational appointment and to the school board's interest in efficient administration. Obviously, if a drop in enrollment justifies the abolition of an elementary teaching position, it is of no utility or logic to discharge a high school teacher who may have less seniority than any of the elementary school teachers" (*Matter of Leggio v Oglesby*, 69 AD2d 446, 448-449, app dsmd 48 NY2d 882, 53 NY2d 704), and:

"The apparent purpose of that provision is to maintain teaching proficiency which would otherwise be denigrated if, for example, the abolition of three vocational training positions required the dismissal of three teachers of romance languages, or vice versa, simply because they happened to have been the last three persons employed" (*Hon-*

*eoye Falls-Lima Cent. School Dist. v Honeoye Falls-Lima Educ. Assn.,* 49 NY2d 732, 733).

The Commissioner of Education has stated that "a teacher appointed prior to the effective date of Part 30 of the Regents' Rules might enjoy tenure rights within a broad general tenure area which would include teaching positions which for persons hired after August 1, 1975, must be in separate, special subject tenure areas. A person with such rights in a broad tenure area must be retained and reassigned even though that might require that the services of another teacher in an area in which there is no reduction in positions might then have to be terminated" (*Matter of Murphy,* __ Ed Dept Rep __ [Jan. 14, 1982]). This issue was raised but not determined in *Matter of Leggio v Oglesby* (69 AD2d 446, 454, *supra* [MARGETT, J., dissenting]). The court found it unnecessary to resolve this question as the court was concerned with the excessed teacher's right to be appointed to a vacancy, a right which is dealt with under subdivision 3 of section 2510 of the Education Law.[4]

Although we are concerned on this appeal with teachers' rights under subdivision 2 of section 2510 of the Education Law, we too find it unnecessary to decide whether the positions abolished are encompassed by the former junior high school tenure area or the new special subject areas.[5] The dispositive question on this appeal is whether the petitioners are tenured in the vertical subject areas.

The petitioners were granted probationary appointments in a junior high school tenure area, which included business education and home economics, and they achieved

---

**4.** "§ 2510. Abolition of office or position * * * 3. If an office or position is abolished or if it is consolidated with another position without creating a new position, the person filling such position at the time of its abolishment or consolidation shall be placed upon a preferred eligible list of candidates for appointment to a vacancy that then exists or that may thereafter occur in an office or position similar to the one which such person filled without reduction in salary or increment, provided the record of such person has been one of faithful, competent service in the office or position he has filled. The persons on such preferred list shall be reinstated or appointed to such vacancies in such corresponding or similar positions in the order of their length of service in the system at any time within seven years from the date of abolition or consolidation of such office or position."

**5.** Even if we were to assume that the positions abolished are in the special subject areas of business education and home economics, as the petitioners contend, they cannot prevail.

tenure status in that area. There is no claim that either business education or home economics was a traditionally vertical subject tenure area (cf. *Matter of Robinson v Roosevelt Union Free School Dist.,* 57 AD2d 570; *Waiters v Board of Educ.,* 46 NY2d 885, revg 61 AD2d 1011; *Matter of Mulvey v Board of Educ.,* 72 AD2d 584), and petitioners concede that they were not formally appointed by the school board to the new special subject tenure areas (cf. *Matter of Nagel v Board of Educ.,* 83 AD2d 852).[6]

Petitioners contend that a formal probationary appointment should not be necessary here, and that we should disregard the "labels" employed by the school district in characterizing the nature of the petitioners' employment and the designation of their tenure areas and hold that

---

**6.** Petitioners' alternate argument that in "hiring" Cole to teach business education in 1976 the district "rehired her as a 'new' teacher", is not persuasive.

When the teaching staff at the junior high school level was curtailed in June, 1976, Cole, as a teacher who was *not* the least senior in the junior high school tenure area, had the right to be assigned to teach any subject within the former junior high school tenure area for which she had certification (*Matter of Steele v Board of Educ.,* 42 NY2d 840, affg 53 AD2d 674; *Matter of Lynch v Nyquist,* 34 NY2d 588, affg 41 AD2d 363; *Matter of Ward v Nyquist,* 43 NY2d 57, 62; *Matter of Chambers v Board of Educ.,* 47 NY2d 279). Her assignment to teach business education was therefore not a probationary appointment which could ripen into tenure.

Part 30 provides:

"30.2 Applicability. (a) The provisions of this Part shall apply to all probationary appointments to professional education positions made by a board of education or a board of cooperative educational services by resolution on or after August 1, 1975 and to appointments on tenure based upon such probationary appointments.

"(b) Each board of education or board of cooperative educational services shall on and after the effective date of this Part make probationary appointments and appointments on tenure in accordance with the provisions of this Part."

"30.3 Resolutions making appointments. Each board of education and board of cooperative educational services shall, in each resolution making a probationary appointment or an appointment on tenure, set forth:

"(a) the name of the appointee;

"(b) the tenure area or areas in which the professional educator will devote a substantial portion of his time;

"(c) the date of commencement of probationary service or service on tenure in each such area;

"(d) the expiration date of the appointment, if made on a probationary basis;

"(e) the certification status of the appointee in reference to the position to which such individual is appointed."

See, also, our prior discussion.

Petitioners' further argument that the school district accorded Cole the bumping rights established by Part 30 (8 NYCRR 30.13 [c], [d]) is meritless.

their status should be determined by the nature of the duties they were required to perform. The cases on which the petitioners rely are inapposite on their facts.[7]

Adoption of the argument advanced by the petitioners would, to a substantial extent, blur the distinctions made by the Legislature between the rights of a teacher whose position has been abolished (Education Law, § 2510, subds 2, 3) and the right of that teacher to re-employment to a vacancy (Education Law, § 2510, subd 3) and would be an inappropriate intrusion on legislative and administrative decision-making (cf. *Board of Educ. v Nyquist,* 57 NY2d 27, 39). Thus, when a position is abolished, in computing seniority status under subdivision 2 of section 2510, the teacher's prior service in an independent tenure area is not included (*Matter of Neer v Board of Educ.,* 61 AD2d 1014; *Matter of Mitchell v Board of Educ.,* 40 NY2d 904, 905), and seniority is calculated on the basis of service within the tenure area of the position abolished. The rule is otherwise in determining seniority with respect to the right to be appointed to a vacant position under subdivision 3 of section 2510. A teacher whose position has been abolished has the right to be "placed upon a preferred eligible list of candidates for appointment to a vacancy that then exists or that may thereafter occur in * * * [a] position similar to the one which such person filled" for a period of seven years (Education Law, § 2510, subd 3). The excessed teacher seeking re-employment need not be tenured in the area of the vacant position (*Dinerstein v Board of Educ.,* 50 NY2d 879). The only requirements are that the vacant position be similar to the teacher's former position and that the teacher be legally qualified to teach in the position sought

While tenure areas were cumulative prior to the enactment of Part 30, a teacher whose services were discontinued in one tenure area could not return to a previous tenure area and "bump" an individual with less service in that area (*Steele v Board of Educ.,* 40 NY2d 456; *Matter of Mitchell v Board of Educ.,* 40 NY2d 904; *Matter of Morse,* 14 Ed Dept Rep 267, 270). The "bumping" rights granted in Part 30 (8 NYCRR 30.13 [c], [d]) are prospective only (8 NYCRR 30.2 [a]).

7. In *Ricca v Board of Educ.* (47 NY2d 385), the school district *delayed* formal appointment of a qualified teacher to an available position which the teacher was already filling in fact. In holding that petitioner's probationary period must be deemed to have commenced at the very latest, not in February, 1972, when he was formally appointed, but rather with the beginning of school in the fall 1971 semester when he actually began serving in the position to which he was eventually appointed, the court stated that its decision "turns in large part on the peculiar and undisputed operative facts presented" (47 NY2d, at p 392; cf. *Matter of Lindsey v Board of Educ.,* 72 AD2d 185).

and have seniority in the district (*Matter of Ward v Nyquist,* 43 NY2d 57, 62-63; *Matter of Amos v Board of Educ.,* 54 AD2d 297, 302, affd 43 NY2d 706; *Matter of Leggio v Oglesby,* 69 AD2d 446, 449, *supra*).[8] That Shepherd has seniority in the district, would therefore be relevant only in determining her right to a vacancy under subdivision 3 (*Matter of Brewer v Board of Educ.,* 51 NY2d 855; *Matter of Chambers v Board of Educ.,* 47 NY2d 279; *Matter of Ward v Nyquist, supra*).

A determination that petitioners Cole and Shepherd have tenure "as a matter of law" in the vertical special subject areas of business education and home economics, respectively, and are entitled to the positions now held by Lewi and Johnson in the senior high school would be, in effect, a ruling that there are vacant positions in the senior high school similar to the petitioners' former full-time positions, and that petitioners' seniority should be calculated, not in the tenure area of the vacant positions, but in the system. The petition, however, challenged the *dismissal* of the petitioners; it does not allege a lack of preferential employment under subdivision 3 of section 2510 of the Education Law (cf. *Matter of Ward v Nyquist,* 43 NY2d 57, 63, *supra*). The preferential rights conferred by subdivision 3 upon "excessed" school personnel are triggered only when a " 'vacancy' " arises " 'in an office or position similar to the one' " previously occupied (*Matter of Brewer v Board of Educ., supra,* p 858). Were we to embrace the petitioners' argument, the practical result would be to confer upon teachers whose positions are abolished rights which the statute reserves solely for teachers competing for a vacancy.

Special Term's holding that petitioners acquired tenure "by acquiescence and estoppel" in the special subject tenure areas suffers from the same infirmities as petitioners' argument. Tenure by acquiescence is achieved when a full-time probationary teacher continues to teach beyond the

---

**8.** "The dismissal rights of subdivision 2 refer specifically to tenure area while the re-employment rights of subdivision 3 refer only to similar positions (see *Matter of Chauvel v Nyquist,* 43 NY2d 48, 52, decided herewith)" (*Matter of Ward v Nyquist,* 43 NY2d 57, 62).

expiration of the probationary term with the knowledge and consent of the board of education (*Matter of Moritz v Board of Educ.*, 60 AD2d 161, 165, *supra; Matter of Hagen v Board of Educ.*, 59 AD2d 806). As previously noted, only a board of education has the power to appoint a teacher to a probationary period and a "school board remains free * * * to determine whether to appoint a particular person to a particular position" (*Ricca v Board of Educ.*, 47 NY2d 385, 393). There is no claim here that the conduct of the school board has been such that it is equitably estopped from denying that the petitioners acquired tenure by acquiescence (*Matter of Lindsey v Board of Educ.*, 72 AD2d 185; cf. *Matter of Moritz v Board of Educ., supra*).

It is conceded by appellants Lewi and Johnson that if they had been assigned to teach at the junior high schools, the petitioners could claim greater seniority for job retention and would therefore be entitled to prevail (*Matter of Smyton*, 19 Ed Dept Rep 281; *Matter of Platania*, 20 Ed Dept Rep 670; *Matter of Murphy*, ___ Ed Dept Rep ___ [Jan. 14, 1982], *supra*). The petitioner in *Matter of Murphy* (*supra*, p ___) was given a probationary appointment as a "learning improvements teacher — elementary level" on July 9, 1973. Effective March 5, 1976, she was granted tenure as a "Teacher at the Elementary Level" (p ___). The commissioner found that prior to the effective date of Part 30, the school district "had not established a separate tenure area for special education, but provided learning disability instruction to its elementary students through teachers whose tenure was in the elementary tenure area" (p ___). In 1979, the school district decided to offer learning disability instruction at the secondary level and made appointments in the separate special education tenure area pursuant to Part 30. Due to declining enrollment, in 1981 the school district determined to abolish teaching positions in elementary education and petitioner's services were terminated, effective June 30, 1981, as those of the least senior teacher in the tenure area of elementary education. However, the school district subsequently appointed petitioner as a full-time substitute in the learning disabilities resource room for the 1981-1982 school year and petitioner admitted that she had not yet suffered any

detriment as a result of the school district's actions. It was not clear from the record who was currently engaged in teaching learning disabled elementary pupils. The commissioner found that the petitioner was not aggrieved and dismissed her appeal without prejudice. While he declined to render an advisory opinion regarding her seniority status, he pointed out for the school district's future guidance (p ___): "Since the teaching of those pupils [elementary school pupils in the district who are learning disabled] is a duty formerly performed in the district by elementary school teachers, respondent [school district] may not assign a teacher, with fewer years of service than petitioner has, to perform such duties without violating petitioner's tenure rights." The commissioner concluded (p ___): "It is equally true that although petitioner may be entitled to a teaching position involving the instruction of learning disabled pupils at the elementary level, she has no right to a position involving the instruction of secondary level students." We note that our reasoning is consistent with the result reached by the commissioner and the "construction given statutes by the agency responsible for their administration should not be lightly set aside (*Matter of Lezette v Board of Educ.*, 35 NY2d 272, 281, *supra*)" (*Matter of Ward v Nyquist,* 43 NY2d 57, 63, *supra*).

The petitioners urge that we adopt the "simple, logical rule" that teachers appointed prior to August 1, 1975 to teach subjects included in a general horizontal tenure area who continued, or were subsequently assigned, to teach subjects now classified in a special subject area, must be deemed by operation of law to have acquired an additional or substitute tenure area on the first date of service in that subsequently recognized special area. Such a rule, it is claimed, would not jeopardize the employment rights of the most senior teachers, and would afford them the right to continue with their teaching careers in their chosen subjects.

Notwithstanding recognition by the Court of Appeals that "what appears to be an incongruity in interpretation and application between subdivisions 2 and 3 may work some unevenness in individual cases" and that court's

invitation to "legislative review of the applicable sections of the Education Law" (*Matter of Chauvel v Nyquist,* 43 NY2d 48, 53; *Matter of Amos v Board of Educ.,* 43 NY2d 706, 707, *supra*), subdivision 2 of section 2510 of the Education Law has remained unchanged since its enactment in 1950; the only amendments to subdivision 3 have been successive increases in the number of years during which a person on a preferred list shall be reinstated or appointed to a vacancy.

That another statutory scheme would be more equitable or would facilitate the task of the school district is a matter for the Legislature, not the courts (cf. *Matter of Brewer v Board of Educ.,* 51 NY2d 855, *supra*).[9] Respect for the constitutional principle of separation of powers dictates judicial restraint. Absent "contentions that actions taken by the Legislature and the executive fail to conform to the mandates of the Constitutions which constrain the activities of all three branches", the courts will not intrude (*Board of Educ. v Nyquist,* 57 NY2d 27, 39, *supra*). We may not, under the guise of judicial interpretation, revise the statutory scheme by granting to teachers whose positions are abolished, rights reserved for teachers seeking reappointment to a vacancy (cf. *Matter of Brewer v Board of Educ., supra*).

The appellants' cross motions to dismiss the proceeding should be granted in their entirety.

MOLLEN, P. J., DAMIANI and BRACKEN, JJ., concur.

---

**9.** Petitioners' reliance on *Matter of McNamara v Board of Educ.* (54 AD2d 467) is misplaced. The issue there was whether prekindergarten teachers appointed prior to August 1, 1975 are included in the elementary tenure area for kindergarten through grade six. Noting that "the record is utterly barren of any evidence of historical custom or practice" (p 474), the court held that (p 475): "pre-kindergarten teachers are included in the elementary tenure area even if they were appointed prior to August 1, 1975. Such a rule would have the advantage of uniformity, and it would protect teacher seniority rights while not having the effect of allowing wholly unqualified teachers to 'bump' qualified teachers. 8 NYCRR 80.15 assures that a pre-kindergarten teacher will have at least the academic training necessary to teach older children. Finally, although 8 NYCRR 30.4 operates prospectively, the promulgation of that rule seems very strong evidence that the inclusion of pre-kindergarten teachers in the elementary tenure area would not be viewed as unduly disruptive by those who would bear the primary responsibility for administering the educational system" (cf. *Matter of Kaplan v Board of Educ.,* 56 AD2d 869, affd 43 NY2d 863 on the mem at the App Div).

Judgment of the Supreme Court, Suffolk County, entered August 12, 1981, reversed, insofar as appealed from, without costs or disbursements, and cross motions to dismiss the proceeding granted in their entirety.