◼ In the Matter of CHRISTOPHER GRECO, Appellant, v BOARD OF EDUCATION OF THE PATCHOGUE-MEDFORD UNION FREE SCHOOL DISTRICT et al., Respondents. — In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Education of the Patchogue-Medford Union Free School District concerning petitioner's seniority standing within his tenure area, the petitioner appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Becker, J.), dated August 19, 1982, as, upon reargument, adjudged that said determination was legal and proper and dismissed the petition. Judgment modified by deleting the third decretal paragraph and by adding to the fourth decretal paragraph after the word "dismissed", the words "upon the ground that the petitioner is not aggrieved by the determination of the respondent board of education sought to be reviewed". As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. Effective September 1, 1971, petitioner was appointed by the respondent board of education to a probationary teaching position as a "science teacher" and was assigned to teach seventh and eighth grade science in the Saxton Street Middle School which contained grades 6 through 8. At that time, in contrast to the normal or traditional organization of instruction for the sixth grade in which the students of each class within the grade are instructed in the core academic subjects by the class teacher, with the permission of the Commissioner of Education, instruction in the sixth grade, as well as instruction in the seventh and eighth grades, was departmentalized. The district was aware when petitioner was appointed that he had applied for certification in science. Petitioner was granted a provisional certificate as a teacher of "BIOLOGY AND GENERAL SCIENCE 7-12", effective September 1, 1973. Petitioner was assigned to teach sixth grade science for at least one of the two remaining years of his probationary term. He was awarded tenure, effective October 1, 1974, as a teacher of science in the general secondary tenure area (grades 7

through 12). The tenure notice sent to the petitioner, however, merely informed him that he was tenured as a "professional staff member". During each of the three succeeding school years (1974-1975 to 1976-1977) petitioner was assigned to teach sixth grade science. The petitioner alleges that during this period he was advised by the board, orally and in writing, to continue his course of study for permanent certification in biology and science, grades 7 through 12. In the 1977-1978 school year, the last year in which the sixth grade was departmentalized, petitioner taught two periods of sixth grade science, two periods of sixth grade mathematics and one period of sixth grade reading. On February 1, 1978, he was issued his permanent certification in biology and general science, grades 7 through 12. Throughout the next three school years (1978-1979 to 1980-1981), petitioner taught a traditional self-contained sixth grade class. In response to his requests, made at various times, for a transfer to a program of a higher grade level within his area of certification, petitioner was informed that no other positions were available. By letter dated May 28, 1981, petitioner was notified that the board had abolished certain science teaching positions, that credit for sixth grade science was considered elementary experience, and that as a result of his relative seniority, his position as a science teacher would terminate effective August 1, 1981. The letter further informed petitioner that he could not be continued in the board's employ as an elementary teacher (grades 1 through 6) unless he acquired certification for the elementary tenure area by September, 1981. However, it stated that the superintendent of schools had announced "a leave replacement assignment for the 1981-1982 school year at the current rate of salary and benefits". Sometime prior to the commencement of the 1981-1982 school year, a vacancy in science became available and petitioner was reinstated to that position. In November, 1981, petitioner commenced this proceeding in which he seeks a judgment directing the board to recognize his service since September 1, 1971 as being in the academic secondary school tenure area. Alleging that the board never notified him that later assignments to teach the sixth grade might be outside both the tenure area of his appointment and the area of his certification, he contends that the board is now estopped from claiming that not all of his service is in the general secondary tenure area. The board asserts as an affirmative defense that petitioner knew, or should have known, that assignments to teach the sixth grade were in a different tenure area from the one to which he was appointed and for which he was certified. Special Term initially dismissed the petition upon the ground that the determination was not final, but granted reargument and thereupon dismissed the petition on the merits. On appeal, the petitioner urges that he is tenured in the academic secondary school tenure area and that, under the circumstances of this case, his sixth grade teaching experience was a continuation of his service in the tenure area of his appointment. "Seniority rights, however, do not exist in the abstract until there is some real and actual impact upon the individual who is thereby aggrieved" (*Matter of Murphy,* 21 Ed Dept Rep 419, 421-422). The petition must be dismissed because the 1981 determination has apparently had no impact on the petitioner and, thus, he is not aggrieved (see *Matter of Mulvey v Board of Educ.,* 72 AD2d 584). In affirming the dismissal of the petition, we express no opinion as to the merits. We invite attention, however, to the principles governing the determination of the tenure area in which the employee acquires tenure. "The area in which the employee achieves tenure status is that area in which the probationary appointment was made" (*Matter of Cole v Board of Educ.,* 90 AD2d 419, 425). On this issue, "the intent and policy of the school district in creating a program are controlling"(*Matter of Schlosser v Board of Educ.,* 62 AD2d 207, 215, affd 47 NY2d 811). The Commissioner of Education has determined that a teacher

who has been "transferred to a 'new tenure area' which encompasses the same grade levels in which he taught in his former tenure area * * * does not lose any rights he had acquired before he was affected by such a transfer" (*Matter of Cuff*, 9 Ed Dept Rep 101, 103). A tenured teacher would not be required by such a transfer to serve a new probationary period and "a probationary teacher so transferred must be given credit for the part of the probationary period he performed prior to his transfer" (*Matter of Cuff, supra*, p 103). "[T]he construction given statutes by the agency responsible for their administration should not be lightly set aside" (*Matter of Ward v Nyquist*, 43 NY2d 57, 63; *Matter of Cole v Board of Educ.*, 90 AD2d 419, 431, *supra*). We observe, finally, that the doctrine of equitable estoppel is applicable to school districts (*Ricca v Board of Educ.*, 47 NY2d 385; *Matter of Lindsey v Board of Educ.*, 72 AD2d 185; *Matter of Moritz v Board of Educ.*, 60 AD2d 161). Weinstein, J. P., Rubin and Boyers, JJ., concur; Bracken, J., concurs in the result.