In the Matter of JOHN MAHONY, Appellant, v BOARD OF EDUCATION OF THE MAHOPAC CENTRAL SCHOOL DISTRICT et al., Respondents.

Second Department, August 29, 1988

**APPEARANCES OF COUNSEL**

*Norma F. Jacobson* for appellant.

*Plunkett & Jaffe, P. C. (Ronald A. Longo* of counsel), for respondents.

BROWN, J.

On this appeal we are asked to interpret the provisions of Education Law § 2510 (3) which provide that the rehiring of excessed employees be based, not only upon their placement on the preferred eligible list, but also "in the order of their length of service in the system".

In this proceeding brought pursuant to CPLR article 78, the petitioner John Mahony, a former employee of the respondent the Board of Education of the Mahopac Central School District (hereinafter the board), asserts that he is entitled to be appointed to the position of librarian which became available in 1982 in the Mahopac Central School District. He claims that he had greater seniority than the respondent Jeanne Earle who was appointed to that position by the board and who had been excessed and discharged from the position of librarian at the same time as he had been similarly excessed and discharged in 1977. Specifically, the petitioner argues that the board erred in crediting Ms. Earle with four years of service as an English teacher which occurred subsequent to her discharge from the position of librarian. The petitioner's challenge is centered on the board's claimed erroneous interpretation and application of Education Law § 2510 in selecting appointees from the preferred list. We conclude, as did the Supreme Court, Westchester County, that the board acted properly.

In July 1977 the board abolished a number of positions, including four positions in the library tenure area. As a result of its action, both the petitioner and Ms. Earle were excessed from their positions as librarians and placed on the preferred list of candidates for appointment to future vacancies in that position pursuant to Education Law § 2510 (3). At that time, the petitioner had served 10.6 years in the Mahopac school system and Ms. Earle had served 10 years therein. Thereafter, both the petitioner and Ms. Earle, along with a number of other teachers, were granted an increase of one year each in their seniority for the school year 1977-1978 pursuant to an arbitration award arising from a claim that the board had given insufficient notice of termination under a collective bargaining agreement. Accordingly, petitioner's recalculated total service was 11.6 years and Ms. Earle's was 11 years.

During the next few years, the petitioner did not serve in any other position in the school system. Ms. Earle, on the

other hand, after teaching for one year in another school district, was appointed by the board as an English teacher on August 15, 1978, and remained in that position through June 30, 1982, thus acquiring an additional four years of service within the system and giving her a total of 15 years therein.

In June 1982, a vacancy in the position of librarian in the Mahopac School District was created as a result of a retirement. The board thereupon reviewed its preferred eligible list of those teachers previously discharged from the position of librarian, calculated their relative length of service in the system as of that time, and determined that Ms. Earle had the greatest length of service at the time the vacancy became available. Ms. Earle was therefore selected to fill the position and petitioner challenged her appointment.

This is the second proceeding pursuant to CPLR article 78 commenced by the petitioner and the second time the matter has come before this court for review. The petitioner's first proceeding, which he commenced in December 1982 was initially dismissed on the ground that a demand for arbitration was pending and that he had thus failed to exhaust his administrative remedies following his initiation of a grievance procedure. Subsequently, however, arbitration was stayed and the demand therefor was vacated upon a finding that the dispute did not fall within the class of claims subject to arbitration.

Thereafter, in September 1983 the petitioner commenced the instant proceeding which was dismissed by the Supreme Court, Westchester County, on the ground that the four-month Statute of Limitations had run. This court, however, reversed that judgment, found the proceeding to have been timely commenced, and remitted the matter to the Supreme Court, Westchester County, for further proceedings *(Matter of Mahoney v Board of Educ.,* 113 AD2d 942). In December 1985 the petitioner served an amended petition, which is the subject of this appeal, claiming that he had a greater total number of years of service in the Mahopac Central School District than Ms. Earle, and seeking to compel the board to appoint him to the position of librarian and to vacate and annul its prior appointment of Ms. Earle, with an award of back pay and benefits, and an award of compensatory damages for pain and suffering. The petitioner's chief contention was that the board had acted illegally in crediting Ms. Earle with four years of service in a different tenure area which had been accumulated after she had been placed on the preferred eligible list for the

position of librarian. The board's action, he argued, violated Education Law § 2510 (3). In support of his amended petition, he submitted a copy of a "Preferred Eligibility List" dated July 1, 1982, which lists him as having 11 years and 6 months total length of service as "School Media Specialist-Library" and Ms. Earle as having only five years of such service.

In its verified answer, the board asserted that it had properly determined that Ms. Earle should be appointed to the vacancy since under Education Law § 2510 (3), it was required to appoint not only from among those on the preferred eligible list, but also in the order of "length of service *in the system*" (emphasis supplied).

In a verified reply, the petitioner argued that the Legislature did not prescribe the method for calculating seniority and that the board had manipulated the use of the preferred eligibility list in order to appoint Ms. Earle, thus depriving him, a tenured teacher, of his right to due process. He argued that both the provisions of the Education Law and his right to due process had been violated by the board's actions.

The Supreme Court, Westchester County (Rubenfeld, J.), denied the petitioner's requests for relief in all respects finding, *inter alia,* that the board's "implied ruling that [Ms.] Earle, did not forfeit her place on the preferred eligible list by acceptance of the English teaching position was a reasonable construction of the statute" and that the inclusion of the time spent as an English teacher in determining her "length of service in the system" was correct (Education Law § 2510 [3]).

Education Law § 2510, which concerns the "Abolition of office or position" provides:

"1. If the board of education abolishes an office or position and creates another office or position for the performance of duties similar to those performed in the office or position abolished, the person filling such office or position at the time of its abolishment shall be appointed to the office or position thus created without reduction in salary or increment, provided the record of such person has been one of faithful, competent service in the office or position he has filled.

"2. Whenever a board of education abolishes a position under this chapter, the services of the teacher having the least seniority in the system within the tenure of the position abolished shall be discontinued.

"3. If an office or position is abolished or if it is consolidated with another position without creating a new position, the

person filling such position at the time of its abolishment or consolidation shall be placed upon a preferred eligible list of candidates for appointment to a vacancy that then exists or that may thereafter occur in an office or position similar to the one which such person filled without reduction in salary or increment, provided the record of such person has been one of faithful, competent service in the office or position he has filled. *The persons on such preferred list shall be reinstated or appointed to such vacancies in such corresponding or similar positions in the order of their length of service in the system at any time within seven years from the date of abolition or consolidation of such office or position"* (emphasis supplied).

The Supreme Court's decision upholding the board's determination is consistent with the well-settled principle that "the construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld" *(Matter of Howard v Wyman,* 28 NY2d 434, 438, quoted in *Matter of Lezette v Board of Educ.,* 35 NY2d 272, 281; *Matter of Ward v Nyquist,* 43 NY2d 57, 63).

In challenging the board's appointment of Ms. Earle to the vacant position of librarian, the petitioner urges a construction of Education Law § 2510 (3) which is not only contrary to that given to it by the board, but also inconsistent with the literal and plain reading of the statute's mandate that "persons on such preferred list shall be reinstated or appointed * * * in the order of their length of service in the system at any time within seven years from the date of abolition".

Contrary to the petitioner's contentions, the board's construction of the statute in this case does not frustrate the legislative intent in according special preference and protection to teachers who are excessed from their positions in a particular tenure area because their positions are abolished. That Ms. Earle obtained employment within the system in a new position did not diminish or distinguish her circumstance from that of the petitioner with regard to the fact that both were discharged from their abolished positions as librarians in 1977 and were entitled, therefore, to the benefits conferred under Education Law § 2510 (3). This argument was expressly rejected by the Commissioner of Education in *Matter of Mead* (23 Ed Dept Rep 101, 103), wherein he stated that "the statute does not provide that a teacher automatically relinquishes his or her position on the preferred eligible list by acceptance of a probationary appointment in another tenure area". Relying

upon the case of *Matter of Brewer v Board of Educ.* (51 NY2d 855), the Commissioner further stated that "Education Law § 2510 (3) must be implemented in accordance with its clear language" *(supra,* 23 Ed Dept Rep, at 103). Finding no basis to conclude that the acceptance of another position within the system by a teacher whose position was abolished extinguished any statutory rights, the Commissioner noted: "A contrary conclusion would compel a teacher whose position has been abolished to decline an offer of employment in another tenure area in the hope that, within seven years after the abolition of such teacher's position, a vacancy would occur in that teacher's tenure area" *(Matter of Mead, supra,* at 103).

Moreover, the petitioner's contention runs counter to the recognized "distinctions made by the Legislature between the rights of a teacher whose position has been abolished (Education Law, § 2510, subds 2, 3) and the right of that teacher to re-employment to a vacancy (Education Law, § 2510, subd 3)" *(Matter of Cole v Board of Educ.,* 90 AD2d 419, 428, *affd* 60 NY2d 941, for reasons stated at the App Div). In *Matter of Cole v Board of Educ. (supra),* which involved a question of whether a school district had lawfully calculated seniority status under Education Law § 2510 (2) to discontinue the services of certain teachers, this court rejected the claim that the length of service within the system, rather than that within the limited tenure area of the position abolished, should determine the seniority of teachers for the purpose of excessing. This court enunciated the differing rules for determining seniority status in implementing the provisions of subdivisions (2) and (3) of section 2510, as follows: "Thus, when a position is abolished, in computing seniority status under subdivision 2 of section 2510, the teacher's prior service in an independent tenure area is not included *(Matter of Neer v Board of Educ.,* 61 AD2d 1014; *Matter of Mitchell v Board of Educ.,* 40 NY2d 904, 905), and seniority is calculated on the basis of service within the tenure area of the position abolished. The rule is otherwise in determining seniority with respect to the right to be appointed to a vacant position under subdivision 3 of section 2510. A teacher whose position has been abolished has the right to be 'placed upon a preferred eligible list of candidates for appointment to a vacancy that then exists or that may thereafter occur in * * * [a] position similar to the one which such person filled' for a period of seven years (Education Law, § 2510, subd 3). *The excessed teacher seeking re-employment need not be tenured in the area*

*of the vacant position (Dinerstein v Board of Educ., 50 NY2d 879). The only requirements are that the vacant position be similar to the teacher's former position and that the teacher be legally qualified to teach in the position sought and have seniority in the district (Matter of Ward v Nyquist, 43 NY2d 57, 62-63; Matter of Amos v Board of Educ., 54 AD2d 297, 302, affd 43 NY2d 706; Matter of Leggio v Oglesby, 69 AD2d 446, 449, supra). That [a teacher] has seniority in the district, would therefore be relevant only in determining [his or] her right to a vacancy under subdivision 3 (Matter of Brewer v Board of Educ., 51 NY2d 855; Matter of Chambers v Board of Educ., 47 NY2d 279; Matter of Ward v Nyquist, supra)" (Matter of Cole v Board of Educ., supra, at 428-429 [emphasis supplied]).*

A similar case in which the distinction between length of service in the tenure area and the length of service in the system was highlighted is *Matter of Leggio v Oglesby* (69 AD2d 446). In that case, this court had upheld an individual's right to be appointed from a preferred eligible list to a position of remedial reading teacher following the abolition of her position in the tenure area of elementary school teacher. The petitioner in that case had challenged the appointment of several persons who had never worked in the school district to teach remedial reading and perform duties identical to those previously performed by the petitioner. In rejecting the school district's contention that the petitioner in that case was not entitled to any preference because the remedial teaching position was in a different tenure area than the one from which she had been excessed, this court stated that the concept of tenure, which is of primary importance in determining who should be excessed when a position is abolished, becomes "secondary to the more pervasive principle of seniority" involved when a vacancy must be filled *(Matter of Leggio v Oglesby, supra,* at 449). In emphasizing the "fundamental principles of seniority rights", this court concluded that: "Subdivision 3 of section 2510 of the Education Law includes only two factors as affecting an excessed teacher's right to reemployment: (1) that the vacant position be similar and (2) that the preferred eligible list be ranked in accordance with seniority, i.e., length of service. Both of these criteria have been satisfied in the instant case. No further qualification of service in a particular tenure area is statutorily mandated and we perceive no compelling policy consideration that would cause us to judicially infer such a restriction on basic seniority

rights. Therefore, the judgment granting the petition for reinstatement should be affirmed" *(Matter of Leggio v Oglesby, supra,* at 450). In the case at bar, the petitioner urges that "the date a teacher is excessed should be frozen in time" so as to prevent what he characterizes as the board's "manipulation" of the preferred eligible list. However, to adopt such a rule would disregard the more fundamental principle of recognizing seniority rights based upon a candidate's total years of service in the system.

In sum, we find that the board's determination was consistent with the literal meaning of Education Law § 2510 (3) and the decisions in the cases of *Matter of Cole v Board of Educ.* (90 AD2d 419, *supra)* and *Matter of Leggio v Oglesby (supra).* Accordingly, the judgment appealed from should be affirmed.

MOLLEN, P. J., RUBIN and SPATT, JJ., concur.

Ordered that the judgment is affirmed, with costs.