■ In the Matter of ANTHONY V. LOMBARDO, as President of the Baldwin Teachers Association, et al., Appellants, v BALDWIN UNION FREE SCHOOL DISTRICT, Respondent.—In a proceeding pursuant to CPLR article 78 to, *inter alia,* compel the respondent Baldwin Union Free School District to appoint the petitioner Loree Tand to the position of elementary physical education teacher effective September 1987, the petitioners appeal from (1) an order of the Supreme Court, Nassau County (Roncallo, J.) dated October 14, 1987, which dismissed the proceeding, and (2) a judgment of the same court, dated January 5, 1988, entered thereon.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

Assuming, arguendo, that the petitioner Tand was "excessed" on June 30, 1980, thus activating the seven-year period provided for in Education Law § 2510 (3), she was not entitled to appointment to the position she seeks, as that position became vacant in September 1987, more than seven years after the abolishment of her previous position *(see,* Education Law § 2510 [3]). Brown, J. P., Kooper, Harwood and Rosenblatt, JJ., concur.