■ In the Matter of PATRICIA RABEN et al., Respondents-Appellants, v BOARD OF EDUCATION OF THE HAUPPAUGE UNION FREE SCHOOL DISTRICT, Appellant-Respondent.—In a proceeding pursuant to CPLR article 78, the Board of Education of the Hauppauge Union Free School District appeals from (1) so much of a judgment of the Supreme Court, Suffolk County (Hand, J.), dated June 20, 1989, as directed the appointment of the petitioners to full-time elementary teaching positions, and (2) so much of an order of the same court dated October 24, 1989, as, upon reargument, adhered to the prior determination, and the petitioners cross-appeal from so much of the judgment dated June 20, 1989, as ordered their reinstatement without retroactive pay and benefits. The cross appeal by the petitioners brings up for review so much of the order dated October 24, 1989, as, upon reargument, adhered to the original determination *(see,* CPLR 5517 [b]).

Ordered that the appeal and cross appeal from the judgment dated June 20, 1989, are dismissed, as the judgment was superseded by the order dated October 24, 1989, made upon reargument; and it is further,

Ordered that the order dated October 24, 1989, is reversed insofar as appealed from, on the law, the judgment dated June 20, 1989, is vacated, and the proceeding is dismissed on the merits; and it is further,

Ordered that the appellant-respondent is awarded one bill of costs.

The Board of Education of the Hauppauge Union Free School District "abolished" the positions held by the petitioners, who were elementary school teachers, and the positions were terminated "effective June 30, 1981". The petitioners' names were placed on a "Preferred Eligibility List" and, thus, they were entitled to be reinstated if vacancies arose within seven years from the date of the abolition of their positions (see, Education Law § 2510 [3]). Subsequently, several teachers resigned from their positions as elementary school teachers "on June 30, 1988".

Contrary to the petitioners' contention, we find that their rights to be reinstated expired prior to the time in which the aforenoted vacancies arose. As indicated, their positions were abolished on June 30, 1981, the "effective" date of their termination. Since the resigning teachers were paid through June 30, 1988, the vacancies in their positions arose at the earliest on July 1, 1988, the first date on which the positions were not filled (see, Matter of Brewer v Board of Educ., 51 NY2d 855, 858; see also, Matter of Lombardo v Baldwin Union Free School Dist., 150 AD2d 452). Therefore, the period of seven years from the "abolition date" within which the petitioners had a right to be reinstated ended at midnight on June 30, 1988, just before the vacancies came into being (see, General Construction Law §§ 19, 20, 58).

In light of the foregoing, we need not address the parties' other contentions. Kooper, J. P., Lawrence, Eiber and O'Brien, JJ., concur.